STATE ex Rel. STODDARD, Relator, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 7,942.)
(Submitted March 3, 1939.  Decided March 7, 1939.)
[88 Pac. (2d) 34.]

(51)

**52**

*Mr. Edwin T. Irvine,* for Relator, submitted a brief, and argued the cause orally.

*Mr. S. P. Wilson,* for Respondents, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an application for a writ of supervisory control. Relator filed in the district court of the third judicial district in and for Granite county, in probate cause No. 905, entitled "In the Matter of the Liquidation of Courtney Bros., Inc., a Dissolved Corporation," a document denominated "Petition and Affidavit for Order to Show Cause," setting forth that on the petition of H. J. Courtney, Morris Courtney and Leo H. McClellan, directors of the company, a decree of dissolution thereof was rendered by that court in civil cause No. 2131, entitled: "In the matter of an Application for the Dissolution of the Courtney Brothers, Inc., a corporation"; that he was a creditor of the corporation; that by virtue of the decree of dissolution the directors became the trustees of the creditors and stockholders of the corporation, and were required by law to institute and prosecute proceedings in probate to execute their trust, but that in certain respects they had failed and neglected to do so. The prayer was that the district court make an order requiring the directors to show cause why they should not proceed forthwith to the liquidation of their trust as such trustees. At the time set for hearing the directors filed and served a motion to quash and set aside the order to show cause, and after argument thereon the district court, on January 5, 1939, entered an order entitled: "Judgment and Decree of Dismissal."

The application sets up these and other facts and asks supervisory control upon the ground that relator has no plain, speedy or adequate remedy by appeal or otherwise than by such writ.

Section 6011, Revised Codes, as amended by Chapter 198 of the Laws of 1937, section 1, provides for the liquidation of the assets and affairs of dissolved corporations by proceedings under the probate statutes. The eighth paragraph of section 6011, as amended, reads in part as follows: "In the event all of the directors * * * who were such at the time of the dissolution of such corporation, shall * * * refuse or be unable to act, the district court * * * shall, upon petition of a * * * creditor of such corporation, and upon a sufficient showing of the necessary facts, appoint a trustee or trustees who shall have the same powers and duties as are by this section conferred and imposed upon the directors * * * of such corporation."

The application for writ of supervisory control is hereby denied, it appearing that under the statute in question relator's remedy is by a petition in probate for the appointment or confirmation of the directors as trustees, or, upon their refusal or inability to qualify and act as such, then for the appointment of some other trustee or trustees who will proceed in accordance with the statute.

In the above we have assumed the validity of the dissolution proceedings in spite of some variations in the name of the corporation as shown in the dissolution proceedings. Of course, if for any reason this is not a dissolved corporation, relator's application herein must obviously be denied, since his action in that event is against the corporation and not against trustees of a dissolved corporation.

Writ denied.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, STEWART AND ERICKSON concur.