This is an appeal from an order of the district court for Granite county in probate cause No. 905, entitled: "In the Matter of the Liquidation of Courtney Bros., Inc., a dissolved corporation," directing that letters of administration or of trust upon the estate of the said dissolved corporation issue to the appellants Maurice Courtney, H.J. Courtney and Leo H. McClellan, its directors at the time of its dissolution.
The record shows that on March 24, 1938, pursuant to a resolution by the stockholders on September 20, 1937, a petition was filed by the appellants in civil cause No. 2131 in the same *Page 291 
court, praying for the dissolution of the said corporation under the provisions of Chapter 101 of the Code of Civil Procedure (secs. 9922 to 9928, inclusive), and reciting, among other things, "that all claims and demands against said corporation have been fully satisfied and discharged," as required by the statute. On the same day the appellants Maurice Courtney as president and Humphrey J. Courtney as secretary of the corporation executed on its behalf an instrument purporting to convey its property to the said Maurice Courtney and Humphrey J. Courtney, for one dollar "and other valuable considerations," under the authority of a resolution of the board of directors, recited therein, stating that "it is for the best interests of the said corporation to sell and convey" all the company's property to them. The Courtneys were equal owners of all the outstanding stock except for one share held by Leo H. McClellan, the other director. On May 3, 1938, the court made findings to the effect that the appellants were the present directors, that notice of the hearing had been duly published, that no objection had been filed, and that all the allegations of the petition were true, and thereupon entered a decree dissolving the corporation.
Subsequently the respondent, A.D. Stoddard, filed in the district court in the above-mentioned probate matter No. 905, a petition and affidavit for order to show cause, alleging that the decree of dissolution had been rendered in the above civil cause No. 2131, that he was a creditor of the corporation, and that the said directors had failed and neglected to institute and prosecute proceedings in probate to execute their trust as trustees for the creditors and stockholders of the corporation. The prayer of the petition was that an order issue, requiring the directors to show cause why they should not proceed forthwith to the liquidation of their trust. The directors interposed a motion to quash and set aside the order to show cause, and after argument thereon the district court on January 5, 1939, entered an order dismissing respondent's petition.
The respondent thereupon filed in this court an original proceeding for a writ of supervisory control to require the judge of the district court to revoke the last-mentioned order and to *Page 292 
proceed to hear relator's application. On March 7, 1939, this court rendered its decision denying the application for writ of supervisory control for the reason that "under the statute in question relator's remedy is by a petition in probate for the appointment or confirmation of the directors as trustees, or, upon their refusal or inability to qualify and act as such, then for the appointment of some other trustee or trustees who will proceed in accordance with the statute." (State ex rel.Stoddard v. District Court, 108 Mont. 51, 88 P.2d 34.) In other words, the basis of our decision was that under the statute (sec. 6011, as amended by Chap. 198 of the 1937 Session Laws) the directors could not be forced to act as trustees, as relator sought to do, since if they refused to act the remedy was to have other trustees appointed.
Subsequently the respondent filed in the said probate cause No. 905 in the district court a petition reciting the matters above mentioned, with the further allegation that he was a creditor of Courtney Bros., Inc., in the sum of $6,177.95 on a contract for personal services rendered, and praying for the appointment or confirmation of the appellants as trustees for the creditors and stockholders, or upon their refusal or inability to qualify and act, then for the appointment of other trustees who would act as such.
The appellants filed an answer, admitting most of the allegations of the petition with the exception of respondent's claim against Courtney Bros., Inc., and alleging that they were ready and willing to act as trustees "if the law would so provide, or permit, and if there were creditors," but setting forth the proceedings in civil cause No. 2131, and alleging that by reason thereof respondent was estopped to assert his claim as a creditor of the corporation.
By an agreed statement of facts the question was reduced to one of law, and the trial court on April 15, 1939, entered the order now appealed from.
Appellants contend that since, in order to decree the[1] dissolution of the corporation under Chapter 101 of the Code of Civil Procedure, it was necessary for the court to find "that *Page 293 
all claims and demands against the corporation have been satisfied and discharged," the decree was res judicata as to respondent's claim. They contend further that as to corporations so dissolved, section 6011, Revised Codes, was always inapplicable both before and after its amendment, since there could be no creditors for whom the directors could become trustees. In the latter contention appellants overlook the fact that under section 6011, the directors become trustees for stockholders as well as creditors.
Appellants' contentions cannot be sustained. In Crossman v.Vivienda Water Co., 150 Cal. 575, 89 P. 335, 336, it was argued that voluntary dissolution statutes identical with the ones here in question were unconstitutional, "in that the only notice required is by publication, and the opportunity of creditors to recover is thereby restricted and the obligation of contracts is therefore impaired." But the court said: "The universally accepted modern doctrine is that the debts of a corporation are not vacated by its dissolution. In the absence of statute, equity treats the surviving assets as a trust fund for the creditors and stockholders, and enables the beneficiaries to reach the same by appropriate procedure. * * * We have such a provision in this state." (Quoting sec. 400, Cal. Civ. Code.)
Our Code section 6011, prior to its amendment in 1937, was practically identical with section 400 of the California Civil Code, and provided: "Unless other persons are appointed by the court, the directors of any corporation, at the time of its dissolution, are trustees of the creditors and stockholders or members of such corporation, and have full power to settle and liquidate its affairs," etc. By the amendment of 1937 the legislature provided: "Such trustees shall settle the affairs of such corporation, liquidate its assets and apply the proceeds of such liquidation to the payment of the expenses of such trustees, to the payment of its debts and other obligations, and distribute any surplus remaining to the stockholders of such corporation, in a proceeding in the district court," etc. "The procedure provided by the code of civil procedure for the probate *Page 294 
of estates of deceased persons shall be followed in such proceeding, except that notice to creditors shall be published in each county in the State of Montana in which any real estate owned by such corporation at the time of its dissolution shall be situated, and that the time for presentation of claims shall in all cases be four (4) months" after the first publication of notice, etc.
It seems apparent that the chief purpose of the amendment was[2] to prevent just such procedure as that by which the directors in this instance have attempted to cut off the assertion of creditors' claims by secret or summary proceedings and to dispose of the assets by an unauthorized conveyance. It was intended to safeguard the rights of all creditors against such action by stockholders and directors, and to safeguard the rights of stockholders against the latter. There is nothing in the statute to suggest that these rights could nevertheless be evaded by following the dissolution procedure of Chapter 101, providing the creditor did not oppose the dissolution. There was no reason why he should have opposed it, since under the statutes enacted at the same time and to be construed in pari materia, dissolution could in no way affect his claim.
While it is often held that a judgment is res judicata as to all matters necessarily determined, that principle would not on reason seem applicable as against those served by publication but having no possible objections to the remedy sought by the proceedings. But it is unnecessary to examine the matter further, since section 6013, Revised Codes, adopted at the same time as the original section 6011 and Chapter 101, effectively negatives any possibility that the dissolution proceedings could have made respondent's claim res judicata. That section provides in part: "nor does the dissolution of any such corporation, take away or impair any remedy given against any such corporation, * * * for any liability which has been previously incurred."
The attempted conveyance of the corporation's property prior[3] to the dissolution decree was of course invalid, since the directors have no authority to dispose of the property of a solvent corporation except in furtherance, and in the ordinary *Page 295 
course, of its business. (Hanrahan v. Andersen, 108 Mont. 218,90 P.2d 494.)
The order appealed from is affirmed.
ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ERICKSON and ARNOLD concur.