## Richardson *versus* Hogg.
## Same *versus* Journey.
## Same *versus* Hogg.

*Partnerships, Limited and General.—Liability of Partners.*

1. No partnership is limited in Pennsylvania unless it be formed in strict compliance with the Acts of Assembly relating to limited partnership.

2. The Act of Assembly in relation to limited partnership, requires that the capital contributed by the special partner shall be in actual cash: it cannot be in a stock of goods.

3. Where, in the articles of limited partnership, it was stipulated that the son of the special partner should keep the books, and have a general supervision over the business during the partnership, at a salary, and that the general partner should sign no note, or check on bank for firm money, without the son's knowledge and approval, it was *Held,* in an action by one of the creditors against the special partner, that the partnership was not limited, but general, and that the special partner was liable for the firm debts.

ERROR to the District Court of *Philadelphia.*

William Richardson and John Lemon were sued in the District Court as partners trading as John Lemon, by William Hogg, Jr., on a promissory note dated March 21st 1860, for $580.79, payable in six months, signed by John Lemon; payable to his own order, and endorsed by him in blank. There were two other suits against the same firm, one by Mr. Journey and one by Mr. Hogg, in which the same questions were presented for the decision of the court below, the same errors assigned, and which were argued together in this court. A copy of the plaintiff's claim was filed with the declaration in each case, and was responded to by affidavits of defence on the part of Mr. Richardson, who was joined with Mr. Lemon as co-defendant, as follows, to wit:—

"William Richardson, one of the above defendants, being duly sworn, deposes and says that he has a defence to the above action, of the following nature and kind, viz.: That the note sued upon was drawn and endorsed by John Lemon, above named, without this deponent's knowledge or privity; that the firm of John Lemon was a limited partnership, under the Act of 1836, in which he, this deponent, was a special partner only, and that he, this deponent, has complied with the terms and conditions of the law, which were duly published; that he, this deponent, has not withdrawn any part of the moneys contributed by him, as set forth in the articles of copartnership—a copy of which, recorded in Limited Partnership Book T. H., No. 1, page 305, &c., is hereto annexed, marked 'A,' and which he submits to the court as a part hereof. Nor has this deponent received anything in money, goods, or securities, from the partnership on account

[Richardson *v.* Hogg.]

thereof; nor has he interfered in the general conduct or management of the business, which was alone conducted by the said John Lemon, under the name of John Lemon, and not by this deponent and him, under that name, except in the special manner above mentioned."

By the articles of copartnership referred to in the affidavit, it appeared that William Richardson and John Lemon, on the 6th of March 1860, entered into an agreement for a limited partnership in the business of buying and selling carpeting in Philadelphia, under the firm name of John Lemon, for two years, unless dissolved by consent of parties or death. Richardson was to furnish the stock in the store, valued at $6700, and $5000 in cash capital, while Lemon was to furnish all his time, attention, labour, and skill in and about the conducting of the business. Richardson was to be entitled to the interest at 6 per cent. on $10,000, and $66\frac{2}{3}$ per cent. of the annual profits of the business, while Lemon was to have for his services $33\frac{1}{3}$ per cent. of the profits if the same should exceed $1200, which sum he was to have in any event. A son of Mr. Richardson was to keep the books of the firm, and receive a salary of $1500. All notes, checks, and obligations of the firm were to be signed by John Lemon, but not without the knowledge and approval of the book-keeper, who was to enter the same in a book to be kept for the purpose, all books to be open to the inspection of the partners. The salary of Lemon to the extent of $1200, and the interest due to Richardson, to be drawn out by them annually.

This agreement was duly executed and acknowledged by the parties, and, with the affidavit of Lemon that Richardson, the special partner, had paid into the common stock the $5000 specified in the agreement, was properly recorded.

The court entered judgment in favour of the plaintiffs in each of the cases for want of a sufficient affidavit of defence, which was assigned here for error by Richardson, by whom the writs of error were taken.

*A. Thompson*, for plaintiff in error.—The requirements of the law relative to limited partnerships were all observed by the special partner, and the affidavit of defence was therefore sufficient.

The appointment of supervising clerk was not a violation of the law: Troubat on Lim. Part., §§ 326, 327. The statute does not prohibit the blended contribution of cash and merchandise— nor the receipt of interest on the sum contributed by the special partner, and profits as provided in the contract.

A substantial compliance with the conditions of the law is sufficient: Andrews *v.* Schott, 10 Barr 47.

[Richardson *v.* Hogg.]

*Wm. S. Price*, for defendant in error.—The parties may have intended to make this a limited partnership, but not having complied with the terms and conditions of the law, it remained and is a general partnership.

1. The contribution of a special partner must be in cash.

2. The special partner must not interfere in the management of the business, as was done in this case through the son of the special partner.

3. There was no certificate in this case as to the amount of capital contributed by each, as the act requires.

4. The "interest" allowed to Richardson was usurious on his cash contribution of $5000, and in violation of § 15 of the act.

5. There was no such publication as the 9th section of the act requires; the affidavit avers the publication of "the terms and conditions of the law," not "of the partnership." See Smith *v.* Argall, 6 Hill 479; 3 Denio 435.

The opinion of the court was delivered, February 4th 1861, by

STRONG, J.—These cases present but one question, which is, whether the partnership averred in the affidavit of defence was a general or a limited one. This is to be determined by an examination of the articles of copartnership, which are incorporated into the affidavit. No partnership is a limited one under our Act of Assembly, unless it be formed in compliance with the requisitions of the act, and this compliance must be strict: Smith *v.* Argall, 6 Hill 479; Andrews *v.* Schott, 10 Barr 47.

In several particulars the partnership formed between Richardson and Lemon came short of the statutory requisites to constitute it only a limited partnership. The law demands that the capital contributed by the special partner shall be put into the common stock in actual cash payments, and limits his liability to the amount so contributed. It does not contemplate that any portion of his contributions shall be of uncertain value. Actual cash is better for the firm, and of course for its creditors, than an old stock of goods is likely to be; and the legislature, while extending to a special partner the privilege of exemption from general liability, took care to provide for the security of creditors. But Richardson's contribution to the common stock was $5000 in actual cash, and a stock of goods then on hand, valued by parties at $6700. By the articles, these contributions are called an "invested capital" of $10,000, of which sum it was stipulated that the special partner might annually draw out the interest. It is vain to deny that this was an attempt to form a common stock by what was not an actual cash contribution. The demands of the law are also that the certificate to be filed in the office of the recorder of deeds, and recorded, shall contain a statement of the "amount

[Richardson *v.* Hogg.]

of capital which each special partner shall have contributed to the common stock." It also requires that the general partner shall make an affidavit, to be filed with the certificate, that the special partner had actually paid the sum specified in the certificate, in good faith, in cash. In this case the amount of capital contributed by Richardson is certified to have been $10,000, or $11,700, but there was no affidavit, nor could there have been, that more than $5000 had been actually paid in cash.

Another equally fatal defect in the articles of copartnership is to be found in its stipulations that the son of the special partner should keep the books and have a general supervision over the whole business while the partnership continued, at an annual salary of $1500; and that the general partner should sign no note or other obligation to pay money, or check to draw the money of the firm from bank, without the knowledge and approval of the said son. Now, if it be conceded to the plaintiff in error that a special partner may appoint a supervising clerk without making himself generally responsible for the debts of the firm, it can with no reason be argued that the clerkship stipulated for in this case was merely for supervision. His powers under the articles extended far beyond oversight, and other duties of clerkship. They were controlling. Even the money contributed by Richardson could not be used by the general partner without the approval of this clerk appointed by him. The sum of $5000 was not therefore actually paid into the firm, for Richardson, through his clerk, retained his grasp upon it. The effect of this arrangement was to make the general partner but a clerk, instead of the "only one authorized to transact business," and to convert the special partner, through his appointee, into the directing manager of the firm; and by the articles, this arrangement was obligatory upon the general partner, so long as the business should last. It requires no argument to show that such arrangements were entirely inconsistent with the averment that the partnership was only limited.

The court was therefore right in giving judgments for the plaintiffs, notwithstanding the affidavits of defence.

　　　　　　　The judgment in each case is affirmed.