ANSON M. LYMAN, administrator, *vs.* NATIONAL BANK OF THE REPUBLIC.

Suffolk.  March 13, 14, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

### *Executor.  Pledge.*

An executor has power to pledge the property of the estate in his charge, and if he unlawfully applies the proceeds to his own use this does not affect the rights of a *bona fide* pledgee.

If an executor borrows money from a bank pledging property of the estate in his charge to secure it and the money is placed to the credit of that estate, his drawing out the money by a check payable to his own order gives no notice to the bank of an intent to misapply the fund.

HOLMES, C. J.  This is a bill brought by the administrator *de bonis non* of the will of Isaac N. Tucker, to compel the surrender of certain stock and bonds alleged to have been pledged unlawfully by the former executrix of the same will.  The advance for which the pledge was given was made by the bank in good faith and placed to the credit of the estate.  Afterward it was drawn out by the executrix upon a check to her own order. The money was applied to her private use, but this was without the privity of the defendant.  The form of the check gave no notice of her intent to misapply the funds and imposed no duties on the bank.  Some stress is laid on the statement in the agreed facts that the son of the executrix " applied in her name" for the loan, but the loan necessarily was made to her and it is plain that the president of the bank understood that it was for the benefit of the estate, or, according to popular phraseology, that it was made to the estate.  The bill is based on a general allegation of illegality, and the only question necessary to be considered under either the bill or the evidence is the general one whether an executor has power to pledge the assets of the estate.  This power is so fully established as an incident of his absolute control over the property that it is not necessary to do more than to cite a few of the cases.  *Carter* v. *National Bank of Lewiston,* 71 Maine, 448.  *Smith* v. *Ayer,* 101 U. S. 320, 326.  *Scott* v. *Tyler,* 2 Dick. 712, 725.  *M'Leod* v. *Drummond,*

17 Ves. 152, 154. *Russell* v. *Plaice*, 18 Beav. 21, 26. *Earl Vane* v. *Rigden*, L. R. 5 Ch. 663, 668, 670. 1 Wms. Ex. (9th ed.) 802, 803. Of course the contract of borrowing can bind the executor only personally in the first instance, but that is due to the fact that the estate as such is not a person and that the executor cannot contract otherwise. *Durkin* v. *Langley*, 167 Mass. 577, 578. See *Sumner* v. *Williams*, 8 Mass. 162. Compare *Mason* v. *Pomeroy*, 151 Mass. 164. The fact that it is in that form does not invalidate the pledge. See *Farhall* v. *Farhall*, L. R. 7 Ch. 123, 125.

It is said that the defendant was charged with notice of the contents of the will. If this be so, there is nothing in the will to cut down the power of the executrix. This property was part of the residue, and although the will provided that after the death of the executrix the residue should be held upon certain trusts, that fact did not limit her official authority. She did not act by virtue of her interest in the fund or as trustee, but under her prior and paramount title as executrix. Whether the gift of the testator's business enlarged her powers need not be considered. As we are of opinion that the plaintiff has no case on the merits, it is unnecessary to discuss anything else.

*Bill dismissed.*

*A. M. Lyman, pro se.*
*C. M. Reed*, for the defendant.