HARRISON DUNHAM *vs.* CHARLES W. BLOOD, trustee.

Suffolk.    December 2, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Trustee.    Bills and Notes.*

If a trustee, who has no authority to borrow money for the trust estate, borrows money and gives a promissory note in the name of the estate signed by him as trustee, the note is the individual note of the person who signed it as trustee, and the holder of the note has no remedy against the trust estate, unless that estate is indebted to the trustee and the holder of the note has an equitable right to stand in the trustee's shoes, which here was not the case.

BILL IN EQUITY, filed in the Superior Court on August 18, 1910, against the trustee under the will of William R. Clark, of Boston, seeking to enforce the payment out of the trust estate of a promissory note payable to the plaintiff, dated August 14,

1905, for $274 and interest, which was signed as trustee in the name of the estate by William R. Clark, Jr., who at that time was the sole trustee under the will of his father, William R. Clark.

In the Superior Court the case was heard by *Hitchcock*, J., who made the following memorandum of decision:

" On August 4, 1905, the plaintiff at the request of William R. Clark, Jr., a former trustee under the will of William R. Clark, paid $274 to the collector of taxes for the city of Boston for taxes then due on certain real estate held by the trustee under the trust created by the will. Clark gave to the plaintiff the memorandum which is set out in the bill of complaint, upon which certain payments were subsequently made to the plaintiff by Clark, leaving the amount of $151.50 now unpaid on the loan. William R. Clark, Jr., died in May, 1910, previous to which time the real estate on which the taxes were assessed which were paid by the plaintiff had been disposed of. The defendant was appointed trustee under the will on July 14, 1910, and the real estate did not come into the possession of the defendant as trustee and has not been subject to the trust in the hands of the defendant. No authority was granted to Clark as trustee to borrow any money by any court. The accounts of Clark as trustee have not yet been settled.

" The memorandum referred to does not constitute an indebtedness for which the trust estate in the hands of the defendant is liable. The defendant is entitled to a decree that the bill be dismissed."

The plaintiff alleged exceptions to the rulings and order in the foregoing decision, which were allowed by the judge.

*H. Dunham, pro se.*

*C. W. Blood, pro se.*

LORING, J. When a trustee, even if he is authorized to do so, borrows money in behalf of his trust and gives a note as trustee, the note is his individual note, *Fiske* v. *Eldridge*, 12 Gray, 474, *Towne* v. *Rice*, 122 Mass. 67, *Plimpton* v. *Goodell*, 126 Mass. 119, and he has a remedy over· against the trust estate of which the note holder can avail himself. In the case at bar the fact that the note in question was signed " Estate of William R. Clark, by William R. Clark, Jr., Trustee," does not change this result; the note was the note of Clark. He had no

authority to borrow money and so the plaintiff has no remedy over. *Tuttle* v. *First National Bank of Greenfield,* 187 Mass. 533 In this case the money lent by the plaintiff was lent to the trustee and became his money. The case differs in that respect from *Newell* v. *Hadley,* 206 Mass. 335. If the plaintiff has any remedy over against the trust estate it is through the plaintiff's right to stand in the trustee's shoes. But it is not shown that as between the trustee and the trust anything is due to the trustee.

*Exceptions overruled.*