LOUISE KING *vs.* EUGENE A. STOWELL, trustee, & another.

Middlesex. December 13, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* To reach income of trust fund for debt due from trust estate. *Equity Pleading and Practice,* Parties. *Conservator.*

Where under the terms of a will a trustee is directed to set aside a sum sufficient to yield an income of not less than a certain sum annually to be applied for the support and maintenance in a suitable home of a feeble-minded daughter of the testator, and the trustee employs a woman to care for the daughter and also borrows from such caretaker a sum of money for which he gives a note of "the estate of" the testator signed by himself as trustee, and then resigns without ever filing an inventory or account and while the estate still owes the caretaker the amount so borrowed and for her services for over two years, the

caretaker, upon the appointment of a new trustee, can maintain a suit in equity against the new trustee to have her claim established, to have it ascertained whether there are funds in the hands of the trustee as accumulated and unexpended income which can be applied to the payment of her claim, and to have orders made for such payment in accordance with the facts as found to exist.

The conservator of a feeble-minded person is not a proper party defendant in a suit in equity against a trustee of a fund for the benefit of such person in which the plaintiff sought to have a claim for services as caretaker of the feeble-minded person paid from the income of the trust; but the feeble-minded person should be made a party defendant and, on application by the conservator, he then may be appointed guardian *ad litem.*

BILL IN EQUITY, filed in the Supreme Judicial Court on March 20, 1911, against Eugene A. Stowell, trustee under the will of Charles A. Ranlett, late of Billerica, and Charles R. Darling, conservator of the property of E. Minnie Ranlett. The facts alleged in the bill were in substance as follows:

Charles A. Ranlett died in 1878 leaving a will containing the following paragraph: "After the death of my wife should our daughter E. Minnie Ranlett survive her, my said trustees are hereby directed and required to set aside and invest and themselves to hold in trust so much of my property either real or personal or both as may be sufficient to produce an annual income of not less than six hundred dollars which income shall be from time to time applied to the support and maintenance of my said daughter E. Minnie Ranlett during her life. She to be provided with such suitable home as my said trustees or any two of them may elect." Other provisions of the will are stated in the opinion.

The testator was survived by his wife, three sons and the daughter, E. Minnie Ranlett, who was not and never had been "of sufficiently sound mind to manage her property or interests." The widow died in 1892. The sons and the survivor of them were the trustees under the will until June, 1909, when the sole surviving son resigned as trustee and the defendant Stowell was appointed as sole trustee. In September, 1909, E. Minnie Ranlett was committed to Danvers Insane Hospital and in November of the same year the defendant Darling was appointed conservator of her property.

The plaintiff was employed by the trustee in 1879 to take care of E. Minnie Ranlett, and did so until she was removed to Danvers. She also rendered to the trustee other services from that time to October 29, 1909. For her services she was paid until July

8, 1907, but received no pay for her services between July 8, 1907, and October 29, 1909. On May 10, 1906, the then trustee, as trustee and for the benefit and uses of the estate, borrowed $350 from the plaintiff and gave her a note reading as follows: "Six months after date, for value received, the Estate of Charles A. Ranlett promises to pay to Louise King, or order, three hundred and fifty dollars, without interest before or after maturity. Estate of Chas. A. Ranlett, by Horace D. Ranlett, Trustee;" and "therefore," the bill averred, "the defendant trustee, in the trust represented by him, is indebted to the plaintiff for her services and for the money loaned by her as aforesaid in the sum of $1,907."

The following facts then were alleged in the fourth paragraph of the bill: The predecessors of the defendant trustee never set aside a definite fund that would yield an annual income of $600 for the support of E. Minnie Ranlett, as required by the will, and never filed any trustee's inventory or account. While there were when the bill was filed funds in the hands of the defendant trustee, it was uncertain and not ascertained what part of the property in his hands was principal and what was accumulated and unexpended income, but, it was averred, that some portion of the property then on hand certainly was such income.

The conservator had no funds in his hands. The trust estate owed no considerable money other than to the plaintiff.

There was also an allegation that the plaintiff had no sufficient remedy at law by which she could reach the trust fund and obtain the payment of her claim.

The prayers of the bill were, (1) for an accounting as to what was due to the plaintiff from the defendant trustee or the trust estate; (2) "that it be ascertained what portion of the property in the hands of the present trustee is income, and that said trustee be ordered to apply such portion in payment of the indebtedness of the trust to the plaintiff, until such indebtedness is satisfied; and if the income now in the trustee's hands does not equal such indebtedness, then that the trustee be ordered also to apply future income to such payment until said indebtedness becomes satisfied;" (3) that the defendant conservator should be restrained from demanding further income from the trust estate until the plaintiff's indebtedness was paid; and (4) for general relief.

The defendants severally demurred to the bill for want of equity. The demurrers were sustained by *Loring,* J.; and the plaintiff appealed.

*A. S. Hall,* (*T. D. Luce, Jr.,* with him,) for the plaintiff.

*E. E. Elder,* (*C. R. Darling* with him,) for the defendants.

BRALEY, J. The testator devised his property to three trustees in trust to pay the income for life to his widow, and upon her death, if his daughter E. Minnie Ranlett survived, "my said trustees are hereby directed and required to set aside and invest and themselves to hold in trust so much of my property either real or personal or both as may be sufficient to produce an annual income of not less than six hundred dollars which income shall be from time to time applied to the support and maintenance of my said daughter E. Minnie Ranlett during her life. She to be provided with such suitable home as my said trustees or any two of them may elect." It is evident from the averments of the bill that the daughter not only survived her mother, but never has been of sufficient mental capacity to care for herself properly, or to manage her own affairs. The testator knowing of her defective mentality created the trust to provide a suitable home and comfortable support for an unfortunate child, and until the trustees after the mother's death separated the trust fund from the entire property in their possession, the general estate was charged with the payment of an annual income to the extent of $600, coupled with the power conferred in the last item of the will "to make such sale and investment of my property either real or personal as to any two of them may seem judicious and proper."

The administrative powers of the trustees are to be ascertained from the terms of the trust, viewed in the light of the testator's purpose. It was his intention, that she should be affectionately cared for, and her brothers who take the remainder were made the trustees. He did not pause with the establishment of the fund, but directs that she is to be provided with a "suitable home" the selection of which is left to the judgment of a majority of the trustees. In the necessary administration of the trust, they were empowered not merely to select a place of residence where within the limits of the income she would be provided with shelter and sufficient food and clothing, but to furnish because

of her incapacity the services of an attendant or nurse, who also so far as possible would administer to her mental happiness. *Kendall* v. *May*, 10 Allen, 59, 67. *May* v. *May*, 109 Mass. 252. *In re Pink*, 23 Ch. D. 577.

The authority to bind the estate being clear, if the trustees to prevent a failure of the trust, had advanced money in anticipation of income to meet necessary expenses as they accrued or had contracted debts in the proper care and maintenance of the beneficiary which remained unpaid, they would have been entitled to reimbursement for the advances, and to indemnity for the amount of the outstanding indebtedness. *Hayes* v. *Hall*, 188 Mass. 510. *Ashley* v. *Winkley*, 209 Mass. 509. *Gisborn* v. *Charter Oak Life Ins. Co.* 142 U. S. 326. *Nelson* v. *Duncombe*, 9 Beav. 211, 233. *Chester* v. *Rolfe*, 4 DeG., M. & G. 798. A creditor, however, from whom they borrowed money for the purposes of the trust, or an employee to whom money was due for services rendered the beneficiary at their request could not reach the trust property at law, but must resort to a court of equity for relief. *Mason* v. *Pomeroy*, 151 Mass. 164, 167. It is only where the powers conferred by the trust have been exceeded, that the creditor's sole recourse is to the personal liability of the trustee. *Tuttle* v. *First National Bank of Greenfield*, 187 Mass. 533. *Dunham* v. *Blood*, 207 Mass. 512.

But if the powers of the trustees have been defined, and the present trustee who has not assumed them, cannot be held for debts lawfully contracted by his predecessors, the defendants contend, that no liability of the trust estate is shown by the further averments of the bill. *Foote* v. *Cotting*, 195 Mass. 55. The plaintiff was employed by the original trustees shortly after the testator's death, and during a period of thirty years the daughter remained in her care at the testator's homestead which comprised part of the trust estate. It also was the home of the widow, and of one of the trustees until their death, which occurred respectively fourteen years and twenty-six years after the plaintiff began service. The selection by the trustees of the family home as the daughter's abode during the lifetime of her mother and uncle, and their employment of the plaintiff to care for her, were within the authority conferred by the will. The choice moreover having been made, and the plaintiff employed when all the trus-

tees were living, it was not improvident management on the face of the bill for the survivors or survivor as death reduced their number, to make no change in the arrangement, which continued apparently until the appointment of the defendant Stowell as trustee. The plaintiff was not required to obtain judgment against the sole surviving trustee personally either before or after his resignation as a condition precedent to proceedings against the trust estate, even if, as to her unpaid claim for services, the fact that he acted in a fiduciary capacity would not have been a defense. *Mason* v. *Pomeroy*, 151 Mass. 164. *Lyman* v. *National Bank of the Republic*, 181 Mass. 437, 438. *Tuttle* v. *First National Bank of Greenfield*, 187 Mass. 533. *Dunham* v. *Blood*, 207 Mass. 512.

But by the tenor of the promissory note given the plaintiff for money averred to have been lent to the estate, the trustee incurred no personal liability, and her only remedy is the present suit. *Shoe & Leather National Bank* v. *Dix*, 123 Mass. 148. *Hussey* v. *Arnold*, 185 Mass. 202. *Fehlinger* v. *Wood*, 134 Penn. St. 517, 523. The plaintiff, however, even if she dealt with the trustees in their representative capacity and they acted within their powers, stands on the same footing with them, when she seeks by right of equitable substitution to enforce her claims against the estate. *Mason* v. *Pomeroy*, 151 Mass. 164. *Gisborn* v. *Charter Oak Life Ins. Co.* 142 U. S. 326, 337. *In re Johnson*, 15 Ch. D. 548. If the bill is examined, it does not disclose any misappropriation of the income by the trustees, or either of them, and under the fourth paragraph the result of an accounting cannot be determined on demurrer. It may appear when the account is stated, that by reason of unfaithful administration they would have been indebted to the estate, but how far their delinquency would affect the plaintiff's right of recovery is not before us. See *In re Johnson*, 15 Ch. D. 548; *Strickland* v. *Symons*, 22 Ch. D. 666, 671; *In re Evans*, 34 Ch. D. 597; *In re Gorton*, 40 Ch. D. 536. A case for equitable relief having been stated, she is entitled to a trial on the merits. *Mason* v. *Pomeroy*, 151 Mass. 164, 168.

The conservator appointed under R. L. c. 145, § 40, to have the charge and management of the property of the beneficiary cannot administer the trust or receive and expend any part of the income, and he should not have been made a defendant.

But as her personal interests may be affected by the proceedings she should be joined as a party, and when this has been done and process served upon her, the conservator on application to a single justice may be appointed guardian to the suit, and appear and represent his ward. *Taylor* v. *Lovering,* 171 Mass. 303. *Cunningham* v. *Davis,* 175 Mass. 213. *McKenna* v. *McArdle,* 191 Mass. 96, 100.

The decree, so far as it sustained the demurrer of the defendant Darling and dismissed the bill as to him, is affirmed, but as to the defendant Stowell, the decree is reversed, and the demurrer overruled.

*Ordered accordingly.*