## No. 17,222.

### Silvola v. Rowlett.
(272 P. [2d] 287)

Decided June 21, 1954.   Rehearing denied July 19, 1954.

Mr. Gerald W. Bennett, for plaintiff in error.

Messrs. Snyder & Tullis, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the Court.

R. G. SILVOLA instituted an action against E. F. Rowlett to recover judgment in the sum of $1686.00 for accountancy services rendered to the McRea Motor Company, of which, it is claimed, Rowlett was a general, rather than a limited, partner. Trial was had to the court, at the conclusion of which, judgment was entered in favor of defendant and plaintiff brings the cause here by writ of error, seeking a reversal. Herein we will designate R. G. Sivola as plaintiff and refer to E. F. Rowlett by name or as defendant.

In the complaint it is alleged that E. F. Rowlett and L. D. McRea were copartners in the automobile sales and repair business in El Paso county, carrying on their operations under the partnership name and style of the McRea Motor Company, and that the partnership now is defunct and has no assets; further, that between February 1, 1949 and April 1, 1950, plaintiff rendered accountancy services to said partnership, the reasonable value of which was $1686.00, no part of which has been paid, and plaintiff seeks judgment for this amount. It developed at the trial that L. D. McRea was discharged in bankruptcy on or about May 8, 1951, and the action as to him was dismissed.

Defendant's first defense may be termed a general denial; in his second defense it is alleged that on or about September 28, 1948, McRea and Rowlett signed and verified a certificate of limited partnership, which said certificate was belatedly filed in the office of the county clerk on April 18, 1949; that the limited partnership was formed and conducted in substantial compliance with the provisions of section 45, et seq, chapter 123, '35 C.S.A., and by reason thereof defendant is not liable.

The record discloses little conflict in the evidence

which may be summaried as follows: McRea, prior to September 28, 1948 had been engaged in the sale of new and secondhand automobiles. He solicited Rowlett to move his auto repair equipment from his established place of business to McRea's place of business and conduct therein the auto repair business under some arrangement not specifically disclosed by the record. Subsequently, the automobile manufacturer, for which McRea held a dealership, insisted that McRea have, in conjunction with his new and secondhand automobile business, automobile repair facilities, and this resulted in the formation of a partnership with Rowlett. As a result, the certificate of limited partnership heretofore mentioned was entered into and, in accordance with the terms thereof, Rowlett contributed personal property of the reasonable value of $9,000.00 and paid into the limited partnership the sum of $1,200.00, for which he was to receive nine twenty-fourths of the profits of the partnership. McRea was a general partner therein, and Rowlett the sole limited partner. Plaintiff had previously been in McRea's employment, and at the time of the formation of the limited partnership was employed by McRea to keep the accounts and records thereof. Having at that time knowledge of the certificate of limited partnership, he opened the books and records of the partnership in accordance with the terms and conditions accompanying the formation thereof.

Sometime shortly after the partnership was organized, McRea and Rowlett each drew from the funds thereof, the sum of $1,300.00, which plaintiff testified was charged on the partnership records as anticipated profits. For a time Rowlett, being experienced in the auto repair business, acted as foreman in the partnership repair shop. In all matters, he acted under the direction and control of McRea, who approved all extensions of credit excepting to those persons personally known to Rowlett and to whom he extended credit, with an agreement with McRea that if the account was not paid, he, himself,

would reimburse the partnership for the amount thereof.

In the late spring or early summer of 1949, Rowlett discontinued his services as foreman of the auto repair shop to give attention to some other business in which he was engaged, and another person was employed by McRea as foreman of the shop.

Plaintiff claims payment for his services from February 1, 1949 to April 1, 1950, all amounts due for services theretofore rendered having been fully paid by check on the account of the McRea Motor Company, drawn by McRea. The partnership account in the bank was under the sole and exclusive control of McRea. He alone made all deposits, secured all loans, executed all chattel mortgages in connection with the McRea Motor Company business, and he was the only person authorized to draw checks on the company account. The bank in which the partnership business was carried on was not aware of any partnership or other arrangement between McRea and Rowlett until the spring of 1949, when it learned that Rowlett had begun some action to prevent the sale of the partnership business.

Plaintiff rendered monthly statements to the McRea Motor Company, delivering the same to McRea, and although McRea was discharged in bankruptcy on or about May 8, 1951, it was not until July 18, 1952 that any indebtedness of the McRea Motor Company to plaintiff was called to Rowlett's attention, and it was on this date that Rowlett received his first demand for payment by letter from plaintiff's attorney. There is evidence that at times McRea discussed major problems with Rowlett, and on some occasions these discussions occurred in the presence of plaintiff; but McRea specifically testified that the control of the partnership business was his sole responsibility.

The trial court, in its findings of fact and conclusions of law, held that the reasonable value of plaintiff's services was as plaintiff alleged, but that plaintiff's services were rendered to the McRea Motor Company at the

special instance and request of McRea only; that the terms of the limited partnership were known to the plaintiff at all times, and that although payment of $1,200.00 by Rowlett was not made until a later time, it was, nevertheless, paid and a certificate of limited partnership containing all of the information required by our Uniform Partnership Law regularly filed; that the partnership assets were exhausted, and that Rowlett "has neither withdrawn nor received back any portion of the capital contributed to the partnership by him."

The court further found that plaintiff's claim is not based upon any failure to comply with the provisions of the statute with reference to the formation of limited partnerships, but that it is based solely on the ground that Rowlett became liable for the debts of the partnership as a general partner by reason of his activities in the firm's business; further, "the sole control and management of the firm rested with the said L. D. McRea and that the activities of the defendant, E. F. Rowlett, were at all times subject to such control."

The court then adjudged that at all times mentioned in the complaint Rowlett was, and remained, a limited partner and as such not liable to plaintiff, and entered judgment in defendant's favor, dispensing with the filing of a motion for new trial.

■■ It is here conceded by counsel for plaintiff that the partnership was duly formed in substantial compliance with our statute governing the formation of limited partnerships, and that this case is one of first impression in our state on the question involved; but it is contended that the evidence demonstrates conclusively that the intent and conduct of the defendant here was that of a general partner because: 1. He contributed services to the business in violation of section 47, chapter 123, '35 C.S.A. Said section reads as follows: "The contributions of a limited partner may be cash or other property, but not services." It is not disputed that at the formation of the limited partnership defendant contributed thereto

tools of the value of $9,000.00 and subsequently cash in the sum of $1,200.00, for which he became entitled to share in the profits to the extent of nine twenty-fourths thereof. The limited partnership agreement is silent as to any service to be rendered by defendant, and none thereof was rendered as a contribution by the limited partner at the formation of the partnership. As we understand the word "contributions" as it is used in said section 47, it is limited to the contribution to be made by the limited partner at the time of the formation of the partnership for the benefit of the partnership's creditors. As has been said by the Supreme Court of Connecticut: "We find a clear general purpose and intent by the legislature to encourage trade by authorizing and permitting a capitalist to put his money into a partnership with general partners possessed of skill and business character only, without becoming a general partner or hazarding anything in the business except the capital originally subscribed." *Clapp v. Lacey,* 35 Conn. 463; Volume 2 Modern Law of Partnership, Rowley, section 1000. It will be noted that in this partnership venture the court found, and its finding is unchallenged, that the partnership is now defunct and that defendant "has neither withdrawn nor received back any portion of the capital contributed to the partnership by him." It being conceded that defendant had contributed a substantial amount to the partnership assets, the fact that he was interested in the success thereof to the extent of rendering services does not, in and of itself, violate the provisions of section 47, supra, nor does that alone charge him with liability of a general partner.

It further is contended by plaintiff's counsel that section 50, chapter 123, '35 C.S.A., was violated by defendant, thereby imposing upon him the liability as a general partner. Said section 50 reads: "A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business."

The court found, and there was evidence to support its finding, "That at all times alleged in the Complaint the sole control and management of the firm rested with the said L. D. McRea and that the activities of the defendant, E. F. Rowlett, were at all times subject to such control."

■ The evidence discloses that after the formation of the partnership and for a period of time, defendant acted as foreman in the repair shop operated by the partnership; as such foreman he purchased necessary parts from an adjoining place of business without consulting McRea with respect thereto; when parts were needed from sources outside of Colorado Springs, he made out the order and gave it to McRea, who attended to the purchasing thereof. Further, that when there were important business transactions to be determined, McRea sometimes mentioned them to Rowlett; also, that as shop foreman all extensions of credit for repair work or parts thereon had to be approved by McRea, excepting only those persons known to defendant, and as to those he was authorized to extend credit under his agreement to pay the account if the creditor failed to do so. Defendant, being interested in the success of the partnership business, did not thereby forfeit his right to make suggestions or express opinions as to the advisability of transactions when his suggestion or opinion was sought by the general partner.

Both plaintiff and defendant have cited many decisions of our Court and others in support of their respective positions. We have read and considered all thereof without finding one that parallels the factual situation in the instant case, and none are helpful in our determination.

■ We hold that the services rendered by defendant after the formation of the limited partnership were not included in the "contributions" as that term is used in section 47, supra; we further hold that defendant's services rendered as foreman in the repair shop of the part-

nership did not deprive him of protection as a limited partner; and, further, that section 50, supra, does not impose silence on a limited partner who has a material interest in the success of the partnership business, especially so when his opinion and suggestions are sought by the general partner.

The judgment is affirmed.