**PLASTEEL PRODUCTS CORPORATION**

v.

**Herbert W. EISENBERG et al.**

**Civ. A. No. 58-650.**

United States District Court
D. Massachusetts.

Jan. 20, 1959.

As Amended on Motion for Rehearing
March 3, 1959.

Wasserman & Salter, Leonard M. Salter, Boston, Mass., for plaintiff.

Geo. A. McLaughlin, A. Morris Kobrick, Boston, Mass., for defendants Eisenberg, Helman, Glovsky, and Mintz.

George M. Ruboy, James D. St. Clair, Boston, Mass., for defendants Sriberg and Glassman.

ALDRICH, District Judge.

This motion for summary judgment raises the substance or shadow of a Pandora's boxful of questions of partnership law. In December, 1955 there was executed, and a certificate duly filed with the Secretary of the Commonwealth pursuant to Mass.G.L. Ch. 109, § 2(1) (b), a purported agreement of limited partnership, hereinafter known as the Agreement. Although the Agreement was open to admit further partners, the original partners were designated as follows: general partner: H. W. Eisenberg; limited partners: B. M. Sriberg and S. Glassman, described as trustees of the J. W. Sriberg Trust, sometimes adding the phrase "u/d/t dated December 28, 1955"; C. E. Helman and W. M. Glovsky, described as trustees of the C. A. S. Trust, sometimes adding "u/d/t dated May 31, 1955"; and C. E. Helman, W. M. Glovsky and R. G. Mintz, described as trustees of the S. H. Eisenberg Trust, sometimes adding "u/d/t dated October 31, 1952." The complainant is a Pennsylvania corporation, which sues for money owing for goods sold and delivered. All of the signers of the Agreement, who are sued as defendants, are citizens of Massachusetts. All of the defendants except Eisenberg, the admitted general partner, move for summary judgment, attaching a copy of the Agreement to their affidavit. They take the position that the trust estates hereinbefore referred to are limited partners, and are exempt from liability in excess of their contributions pursuant to Ch. 109, § 1, which provides that "limited partners as such shall not be bound by the obligations of the partnership." The plaintiff takes the position that trust estates, and trustees in their trust capacity only, cannot become partners, and that in particular they did not become limited partners, from which it reaches the conclusion that the trustees are liable personally as general partners without limitation.

Both plaintiff and defendants appear to feel that the Agreement purported to make the trust estates the partners. Even if it purported to, it clearly did not do so. In the first place, of course, a trust estate is not a legal entity, and can not become a party to anything. Doubtless what the parties mean is that they feel the Agreement purported to make the trustees partners in their representative capacities only,

102

excluding any personal undertaking outside of the scope and assets of their trusts. However, the Massachusetts law is clear that merely designating the signers of an instrument to be trustees of a trust is descriptio personae only, unless it is further affirmatively made to appear that they signed as trustees only and not individually. Larson v. Sylvester, 282 Mass. 352, 185 N.E. 44; Dunham **v.** Blood, 207 Mass. 512, 93 N.E. 804; Hamlen v. Welch, 1 Cir., 116 F.2d 413; cf. Tebaldi Supply Co. v. MacMillan, 292 Mass. 384, 198 N.E. 651. The Agreement did not contain this requisite limitation, and whatever may be the rights of the trustees as against their beneficiaries, I hold they became partners, either limited or general, in their individual capacities.

The question of whether they became only limited partners depends in the first instance upon the construction of section 2(1)(a) of Chapter 109, which provides in part that an agreement must state, "VI. The amount of cash * * * contributed by each limited partner." The Agreement purported to group the trustees in accordance with their trusts, and in stating cash contributions gave one figure for each group. Defendants contend that this was compliance. They also point to section 2(2) of the act, which provides that substantial compliance in good faith is sufficient.

■■ The question of whether joint payees can contribute a single sum of money might be thought to raise the issue of whether a partnership or other association can be a partner, either general or limited. The Uniform Partnership Act, as enacted in Massachusetts, merely provides that "a partnership is an association of two or more persons. * * *" Mass.G.L. Ch. 108A, § 6 (1). The definition of "person" as including "individuals, partnerships, corporations, and other associations," which is contained in section 2 of the model Uniform Partnership Act, 7 Uniform Laws Annotated § 2, is omitted in the Massachusetts statute. It is unnecessary, however, to resolve this broad question, which, in the case of a general partnership, might present complications. Cf. Hanson v. Birmingham, D.C. N.D.Iowa, 92 F.Supp. 33, 53, appeal dismissed, 8 Cir., 190 F.2d 206. A limited partnership is simply a matter of investment. To the extent that trustees invest trust funds they must of necessity jointly contribute a single sum. I will not hold that persons so associated together cannot jointly subscribe, in effect, as one limited partner.

[To be inserted in opinion]

I see no reason why the defendants Helman, Glovsky and Mintz cannot properly be regarded as limited partners. A different situation obtains, however, with respect to the defendants Sriberg and Glassman, sometimes described as Trustees of the J. W. Sriberg Trust, and hereinafter called Sriberg Trustees. Their cash contribution, as alleged limited partners, was $100. The other limited partners contributed $10,000. The general partner contributed only services. The earnings of the partnership were to be distributed in the following order: (1) drawing account to general partner; (2) interest on the cash contributions of the limited partners; (3) profits to all partners, (a) 10% to general partner, against which payments under drawing account are to be credited, (b) of the balance, 25% to Sriberg Trustees, 75% to other limited partners.

The question at once arises why the Sriberg Trustees, who contributed a mere 1% of the capital, should receive 25% of the profits to be paid to limited partners. The answer is not far to seek. The beneficiaries of the Sriberg Trust are the dependents of one Paul Sriberg. Paul Sriberg is named in the Agreement to be the "General Sales Manager of the Partnership" with extensive powers over the fiscal operations of the business. The Agreement provides that if he should cease to be such manager the Sriberg Trustees must sell their interest to the other limited partners. It is thus apparent that the Sriberg Trust is a method whereby payment for the services of Paul Sriberg goes to his depend-

ents as beneficiaries of the trust. Whether this was an attempted tax device does not concern me. From the partnership angle, viewed as a matter of substance, it might appear to be an attempt to give Paul Sriberg some of the powers of a general partner, (which it did), without the liabilities. I am not directly faced with this question, as he is not a party.

The affidavits disclose that prior to the formation of the partnership the business was carried on by a corporation, that Paul Sriberg was its general sales manager, and that he remained as such only on condition that a substantial interest in the partnership be given to the Sriberg Trust. Hence it might appear that, in substance, he was a settlor of this trust, and that the trustees furnished his services to the partnership. The contributions of limited partners cannot be services. G.L. Ch. 109, § 4. I do not regard this limitation as confined to contributions made at the time of the formation of the business, cf. Silvola v. Rowlett, 129 Colo. 522, 272 P.2d 287, but consider this section applicable wherever the only contribution for which profits are to be paid are services as distinguished from cash or tangible property. Nor can an individual exercise control over the business in the manner that Paul Sriberg might be found to have been doing, while at the same time participating as an investor through persons who are possibly his agents, without subjecting either himself or his agents to liability as a general partner. Id., § 7. Cf. Richardson v. Hogg, 38 Pa.St. 153, 156 (alternative holding). Whatever is the proper analysis of this somewhat devious machinery, I will not hold as matter of law on this motion for summary judgment that this arrangement was what was intended to enjoy the special protection of the Limited Partnership Act.

Finally, I will not, on this motion, consider whether the subsequent assignment of their interests by the moving defendants was sufficient to avoid liability. Mass.G.L. Ch. 109, § 11. Their affidavit makes no suggestion that this action was timely taken.

It follows that the motion for judgment of the defendants B. M. Sriberg and S. Glassman must be denied. That of the others is allowed.