212 Pa. Superior Ct. 442 (1968)
Freedman et al., Appellants,
v.
Philadelphia Tax Review Board.
Superior Court of Pennsylvania.
Argued March 18, 1968.
June 13, 1968.
Before WRIGHT, P.J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.
*443 Marvin J. Levin, with him Freedman, Borowsky and Lorry, for appellants.
Levy Anderson, First Deputy City Solicitor, with him Allan Gordon, Assistant City Solicitor, and Edward G. Bauer, Jr., City Solicitor, for appellee.
OPINION BY HOFFMAN, J., June 13, 1968:
The sole issue in this case is whether a taxpayer's income, earned as a limited partner, is subject to the Philadelphia Net Profits Tax. Philadelphia General Code of Ordinances § 19-501 et seq.
By agreement dated July 15, 1952, a partnership known as Flandel Enterprises was formed for the purpose of owning and operating interests in realty and personalty. The partnership agreement provided for the formation of a limited partnership under § 2 of the Limited Partnership Act, Act of April 12, 1917, P.L. 55, 59 P.S. § 171 et seq., with its principal office in Philadelphia. Pertinent provisions of the agreement provided that profits and losses would be divided among the partners in the proportions set forth; that the general partners would have complete control of the funds and of the management and conduct of the partnership business; that the liability of the limited partners would not exceed their contribution to the partnership capital; that no additional limited partners would be admitted nor would any limited partner have the right to assign his interest; and that the death of a limited partner would not terminate the partnership, but that his estate would have the right to receive his share of the profits and distributions.
*444 The partnership consisted of twenty-five partners  four general, two limited and general, and nineteen limited partners. Decedent taxpayer was entitled to a 5.405% interest in the partnership.
The decedent taxpayer was at all times a resident of Philadelphia. Until his death in 1964 he did not file a return nor did he pay net profits tax on the profits of the partnership.
In 1966, the City of Philadelphia made an assessment for net profits taxes for the years 1953 through 1964. The Tax Review Board denied the estate's petition contesting the assessment, and the lower court affirmed. From this affirmance, the executors have now appealed.
Section 19-1502(1) (c) of the net profits tax ordinance imposes a tax "on the net profits earned in business, profession, or other activities conducted by residents.. . ."
It further provides under subsection (3): "The tax levied under § 19-1502(1) (c) and (d) shall relate to and be imposed on the net profits of any business, profession, or enterprise carried on by any person as owner or proprietor, either individually or in association with some other person or persons."
Section 19-1501(7) defines a resident as: "An individual co-partnership, association, corporation, or any other entity domiciled in the City."
Flandel Enterprises was engaged in the ownership and operation of office buildings. As such, its activities were clearly "business" within the meaning of the ordinance. Cf. Tax Review Board v. Brine Corporation, 414 Pa. 488, 200 A. 2d 883 (1964); Kungsgaten, Inc. v. Philadelphia, 422 Pa. 209, 220 A. 2d 803 (1966); Bloch v. Tax Review Board, 209 Pa. Superior Ct. 727, 226 A. 2d 229 (1967); Philadelphia Tax Review Board v. Weiner, 211 Pa. Superior Ct. 229, 235 A. 2d 184 *445 (1967). The Tax Review Board and the lower court held, therefore, that the distributive share of the limited partner was taxable, because it was a profit distribution of business income.
The appellants contend, however, that the limited partner's share of income is merely "investment" or "passive" income and is not subject to the Philadelphia Net Profits Tax.
It is fundamental that the Net Profits Tax is imposed only on "earned" income and ordinarily does not apply to "investment" or "passive" income such as bank deposits or shareholdings. Philadelphia Tax Review Board v. Weiner, supra; Breitinger v. Philadelphia, 363 Pa. 512, 70 A. 2d 640 (1950); Murray v. Philadelphia, 363 Pa. 524, 70 A. 2d 647 (1950).
To distinguish between "earned" and "passive" income is often a matter of great difficulty. The test which has emerged was set forth in Tax Review Board v. Brine Corporation, supra:
". . . we conclude that simply because a certain type of receipt may be derived as rent from real estate, dividends or interest from securities or gain from the sale of property (i.e., receipts generally referred to as `unearned') is not itself sufficient reason for holding that such receipts are not derived from the conduct of a business. It is as possible to conduct a business which generates only `unearned' receipts as it is to conduct an enterprise producing only `earned' receipts. The test is neither the characterization of the receipt nor the size of the business; rather, it is the nature of the activity producing the receipt." [Emphasis added.]
Thus, in Brine, the Supreme Court pointed out that "a person may purchase one piece of real estate and actively engage in renting and managing it. He certainly would be liable for mercantile tax. Another person may inherit ten pieces of rent-producing real *446 estate with regard to which he does nothing but collect net rents. He would not be liable for mercantile license tax."
Similarly, in Tax Review Board v. Weiner, supra, Judge SPAULDING, writing for our Court stated: "The conclusion would then be that any quantum of such action, such as deliberate acquisition and the provision of even minimal services, would qualify the activity in question as a business activity . . ." (at 238).
With this understanding of the "activity" concept, we turn to an appraisal of the limited partner's interest and activity. A limited partnership in Pennsylvania is an entity in which one or more persons, with unlimited liability, manage the partnership, while one or more other persons only contribute capital; these latter partners have no right to participate in the management and operation of the business and assume no liability beyond the capital contributed. The Limited Partnership Act specifically provides in § 7 that: "A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business."
The limited partnership agreement in this case was in complete conformance with the Act in that it vested complete control over the management and conduct of the partnership business, in the general partners. The limited partners could not control the business, nor did they have the right to elect and remove from office those persons who were conducting the limited partnership business. Indeed, even upon death, a limited partner's money could not be removed from the partnership. The City does not suggest or argue that decedent taxpayer did, in fact, exercise any other powers other than those permitted a limited partner or that he was involved in a series of limited partnerships. In *447 short, the limited partner in this case had but the right to invest his money and await a return, if any.
In light of these facts, it is clear that the decedent taxpayer's income was not "earned"; it was passive, unearned, investment income in the fullest sense of the word. His investment differed little from that of the depositor in a savings and loan institution or a shareholder in a corporation, with the added limitation that, unlike the shareholder, he did not even have the right to elect and remove from office those conducting the partnership business.[1] He was an investor, and no more.
The analogy of the limited partner to a shareholder is not a "novel proposition" as the lower court suggests. In a recent case, Lichtyger v. Franchard Corporation, 18 N.Y. 2d 528, 277 N.Y.S. 2d 377 (1966), the Court of Appeals of New York stated:
"A reading of article 8 of the Partnership Law, Consol. Laws, c. 39, makes it clear that limited partners may not interfere in any manner with the conduct or control of the partnership business. They are entitled only to `inspect and copy' the partnership books, to demand a formal account of partnership affairs, to participate in `dissolution and winding up' and to receive a share of the [partnership] profits'. By adhering to this arrangement, the limited partner is exempted from general liability and places `his capital alone at the peril of the business.'" (Lanier v. Bowdoin, 282 N.Y. 32, 38, 24 N.E. 2d 732, 735) As we had occasion to remark in Ruzicka v. Rager, 305 N.Y. 191, 197-198, 111 N.E. 2d 878, 881, 39 A.L.R. 2d 288, the limited partner is in `a position analogous to that of a corporate shareholder,' an investor who likewise has limited liability *448 and no voice in the operation of an enterprise. That was not the first time in our case law that similarities were drawn between corporations and partnerships."
More succinctly, in Plasteel Products Corporation v. Eisenberg, 170 F. Supp. 100 (1959), the United States District Court of Massachusetts stated at p. 102: "A limited partnership is simply a matter of investment."
The City seeks to avoid this conclusion by suggesting that limited partners may not be considered separately from the activities of the partnership. It concludes, therefore, that since the activities of the partnership itself constituted a business within the meaning of the ordinance, the profits from that business are attributable to the partners receiving them, whether general or limited.
In reaching this decision, the City cites Tax Review Board v. D.H. Shapiro Company, 409 Pa. 253, 185 A. 2d 529 (1962), but ignores its implications. In that case the question, as stated by the Supreme Court was ". . . whether a partnership composed of residents and nonresidents of Philadelphia, having its sole office in Philadelphia and performing services both outside and inside Philadelphia, is subject to the Philadelphia Net Profits Tax on all of its profits, or whether the profits earned by non-resident partners for services performed outside Philadelphia are properly excludable from the partnership's net profits for purposes of the tax." (at 255-6).
Under the ordinance, a resident is taxed on business conducted both within and without the City of Philadelphia. Nonresidents are taxed only on business conducted within the City. The City, in Shapiro sought to treat the partnership as an entity separate and distinct from its partners, thereby establishing for it a *449 situs or residence within the City for tax purposes. The taxpayer argued, however, that he was a nonresident of Philadelphia and that, as to him, the situs of the partnership was irrelevant; that, as a nonresident, his share of profits was taxable only to the extent that it was earned in Philadelphia.
The Supreme Court of Pennsylvania agreed with the taxpayer holding that ". . . the weight of authority in this Commonwealth is to the effect that a partnership is treated as an aggregate of individuals and not as a separate entity . . ." (at 260) and excluded from tax the distributive shares of nonresident partners attributable to services performed outside of Philadelphia. Thus, in Shapiro, although the profits of the partnership were earned income, the Court looked to the status of the individuals receiving such profits to determine whether the profits were subject to tax.
The implications for the instant case are clear. The income received by this limited partner must be considered only with regard to his own status. As such, he is merely an investor, without power or authority to direct the management of the funds invested by him. The City's theory that the income status of partnership profits take on the same character in the hands of the partner receiving them was rejected in Tax Review Board v. D.H. Shapiro Company, supra.
Finally, we should not ignore the fact that the limited partnership is a creation of our legislature. It permits a manner of doing business whereby individuals may invest their money free of the fear of unlimited liability and of the responsibilities of management. To further demonstrate this insulated status, the Limited Partnership Act requires that the partnership certificate be filed with the recorder of deeds (§ 2(b) 59 P.S. § 172(b)) thereby giving constructive notice to the world. The clear intent of the legislature in creating *450 the status of a limited partner was to allow a form of business enterprise, other than a corporation, in which a person might invest a specified amount of his funds. To characterize a limited partner as an individual actively engaged in business, therefore, is to ignore both the statutory scheme creating limited partnerships and the practical features of the limited partner's investment.
We hold, therefore, that appellant's share of income earned as a limited partner is not subject to the Philadelphia Net Profits Tax.
Order reversed.
NOTES
[1] This fact effectively negates the City's argument that the general partners are the agents of the limited partners, since the limited partner has absolutely no control over the general partners.