Neil G. DELANEY, Jr., et al., Petitioners,

v.

FIDELITY LEASE LIMITED et al., Respondents.

No. B-5118.

Supreme Court of Texas.

July 23, 1975.

Rehearing Denied Sept. 24, 1975.

Kronzer, Abraham & Watkins, W. James Kronzer, Houston, Webb & Stokes, Tom Webb, Cain, Dorsey & Johnson, Donald P. Dorsey, Melvin N. Gray, San Angelo, for petitioners.

Edwards, Belk, Hunter & Kerr, Frank Hunter, Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr. and Jim Curtis, El Paso, for respondents.

DANIEL, Justice.

The question here is whether limited partners in a limited partnership become liable as general partners if they "take part in the control of the business" while acting as officers of a corporation which is the sole general partner of the limited partnership. The trial court, by summary judgment, held that under such circumstances the limited partners did not become liable as general partners. The court of civil appeals af-

firmed with a dissent and a concurring opinion. 517 S.W.2d 420. We reverse and remand the case for trial on the merits.

Fidelity Lease Limited is a limited partnership organized under the Texas Uniform Limited Partnership Act, Article 6132a,[1] to lease restaurant locations. It is composed of 22 individual partners, and a corporate general partner, Interlease Corporation. Interlease's officers, directors and shareholders were W. S. Crombie, Jr., Alan Kahn, and William D. Sanders, who were also limited partners of Fidelity. In February of 1969, plaintiffs Delaney, et al. entered into an agreement with the limited partnership, Fidelity, acting by and through its corporate general partner, Interlease, to lease a fast-food restaurant to the partnership. In accordance therewith, plaintiffs built the restaurant, but Fidelity failed to take possession or pay rent.

Plaintiffs brought suit for damages for breach of the lease agreement, naming as defendants the limited partnership of Fidelity Lease Limited, its corporate general partner Interlease Corporation, and all of its limited partners. On plaintiffs' motion the cause against the limited partners individually, insofar as it relates to their personal capacities and liabilities, was severed from the cause against Fidelity and Interlease. In this severed cause, the trial court granted a take nothing summary judgment for the limited partners. Plaintiffs appealed only as to limited partners Crombie, Kahn, and Sanders. Plaintiffs sought to hold these three individuals personally liable under Section 8 of Article 6132a, alleging that they had become general partners by participating in the management and control of the limited partnership.

Pertinent portions of the Texas Uniform Limited Partnership Act, Article 6132a, provide:

"Sec. 8. A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights

1. All references to statutes are to Vernon's Annotated Texas Civil Statutes.

and powers as a limited partner, he *takes part in the control of the business.*

"  .  .  .

"Sec. 13. (a) A person may be a general partner and a limited partner in the same partnership at the same time.

"(b) A person who is a general, and also at the same time a limited partner, shall have all the rights and powers and be subject to all the restrictions of a general partner; except that, in respect to his contribution, he shall have the rights against the other members which he would have had if he were not also a general partner." (Emphasis added.)

■ It was alleged by plaintiffs, and there is summary judgment evidence, that the three limited partners controlled the business of the limited partnership, albeit through the corporate entity. The defendant limited partners argue that they acted only through the corporation and that the corporation actually controlled the business of the limited partnership. In response to this contention, we adopt the following statements in the dissenting opinion of Chief Justice Preslar in the court of civil appeals:

"I find it difficult to separate their acts for they were at all times in the dual capacity of limited partners and officers of the corporation. Apparently the corporation had no function except to operate the limited partnership and Appellees were obligated to their other partners to so operate the corporation as to benefit the partnership. Each act was done then, not for the corporation, but for the partnership. Indirectly, if not directly, they were exercising control over the partnership. Truly 'the corporation fiction' was in this instance a fiction." 517 S.W.2d at 426–27.

Thus, we hold that the personal liability, which attaches to a limited partner when "he takes part in the control and management of the business," cannot be evaded merely by acting through a corporation. *See Bergeson v. Life Ins. Corp. of America,* 170 F.Supp. 150, 159 (D.Utah 1958), *modified on other grounds,* 265 F.2d 227 (10th Cir.) *cert. den.,* 360 U.S. 932, 79 S.Ct. 1452, 3 L.Ed.2d 1545 (1959); *Strang v. Thomas,* 114 Wis. 599, 91 N.W. 237 (1902); 68 C.J.S. *Partnership* § 478, p. 1029 (1950); 60 Am. Jur.2d *Partnership,* § 381, pp. 262–63 (1972).

The defendant limited partners also contend that the "control" test enumerated in Section 8 of Article 6132a for the purpose of inflicting personal liability should be coupled with a determination of whether the plaintiffs relied upon the limited partners as holding themselves out as general partners. Thus, they argue that, before personal liability attaches to limited partners, two elements must coincide: (1) the limited partner must take part in the control of the business; and (2) the limited partner must have held himself out as being a general partner having personal liability to an extent that the third party, or plaintiff, relied upon the limited partners' personal liability. *See Vulcan Furniture Mfg. Corp. v. Vaughn,* 168 So.2d 760 (Fla.Dist.Ct.App. 1964); *Silvola v. Rowlett,* 129 Colo. 522, 272 P.2d 287 (1954); *Rathke v. Griffith,* 36 Wash.2d 394, 218 P.2d 757 (1950). They observe that there is no question in this case but that the plaintiffs were in no way misled into believing that these three limited partners were personally liable on the lease, because the lease provided that the plaintiffs were entering into the lease with "Fidelity Lease, Ltd., a limited partnership acting by and through Interlease Corporation, General Partner."

■ We disagree with this contention. Section 8 of Article 6132a simply provides that a limited partner who takes part in the control of the business subjects himself to personal liability as a general partner. The statute makes no mention of any requirement of reliance on the part of the party attempting to hold the limited partner personally liable.

Crombie, Kahn, and Sanders argue that, since their only control of Fidelity's business was as officers of the alleged corporate general partner, they are insulated from personal liability arising from their activities or those of the corporation. This is a general rule of corporate law, but one of several exceptions in which the courts will disregard the corporate fiction is where it is used to circumvent a statute. *Pacific American Gasoline Co. of Texas v. Miller,* 76 S.W.2d 833 (Tex.Civ.App.1934, writ ref'd). *See also Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 202 (Tex.1962), and *Pace Corporation v. Jackson,* 155 Tex. 179, 284 S.W.2d 340 (1955). That is precisely the result here, for it is undisputed that the corporation was organized to manage and control the limited partnership. Strict compliance with the statute is required if a limited partner is to avoid liability as a general partner. *See* Hamilton on *Business Organizations,* 19 Texas Practice § 215, at p. 206. *See also* "The Limited Partnership With a Corporate General Partner . .", Comment, 24 S.W.Law J. 285, 291–292 (1970). It is quite clear that there can be more than one general partner. Assuming that Interlease Corporation was a legal general partner, a question which is not before us and which we do not decide, this would not prevent Crombie, Kahn, and Sanders from taking part in the control of the business in their individual capacities as well as their corporate capacities. In no event should they be permitted to escape the statutory liability which would have devolved upon them if there had been no attempted interposition of the corporate shield against personal liability. Otherwise, the statutory requirement of at least one general partner with general liability in a limited partnership can be circumvented or vitiated by limited partners operating the partnership through a corporation with minimum capitalization and therefore minimum liability. We hold that the trial court erred in granting summary judgment for the defendants, Crombie, Kahn, and Sanders. If, upon trial on the merits it is found from a preponderance of the evidence that either of these three limited partners took part in the control of the business, whether or not in his capacity as an officer of Interlease Corporation, he should be adjudged personally liable as a general partner.

In affirming the trial court, the majority opinion of the court of civil appeals stated:

"It is permissible in this State to form a limited partnership where a corporation is the only general partner, provided that the purpose to be carried out by the limited partnership is lawful." 517 S.W.2d at 423.

The court had no point of error before it requiring such statement to be made. Its accuracy depends upon the scope of the corporate charter, *Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 144 Tex. 475, 191 S.W.2d 716 (1945), and upon whether we should extend our holding in *Port Arthur Trust Co. v. Muldrow,* 155 Tex. 612, 291 S.W.2d 312 (1956), to sanction corporations acting as general partners in a statutory limited partnership. We reserve any decision on these questions until they are properly presented for our determination.

Accordingly, the cause of action against the defendants Crombie, Kahn, and Sanders is severed, and as to that portion of the case the judgments of the lower courts are reversed and such cause as to them is remanded for trial in accordance with this opinion. As to the remainder of the case, the judgment of the trial court is affirmed.