(No. 6479. January 18, 1938.)

L. E. GIBBS, Appellant, v. JOHN N. CLAAR, JNO. B. WHITE and C. J. HAHN, Trustees of Twin Falls Athletic Association, a Defunct Idaho Corporation; ARTHUR L. SWIM, ARTHUR L. SWIM & COMPANY, a Corporation, ARTHUR L. SWIM and W. G. SWIM, Doing Business as SWIM INVESTMENT COMPANY, E. B. WILLIAMS and DUDLEY DRISCOLL, W. L. WOLTER, R. E. SMITH, L. J. GRIMSMAN, W. P. HANEY, W. R. CAMERON, MEL COSGRIFF, and COSGRIFF OUTDOOR ADVERTISING COMPANY, INC., Respondents.

[75 Pac. (2d) 721.]

James R. Rothwell and Harry Povey, for Appellant.

Harry Benoit, for Respondents E. B. Williams and Dudley Driscoll, and E. L. Rayborn, for Respondents W. L. Wolter, R. E. Smith and L. J. Grimsman, filed no brief.

MORGAN, J.—November 30, 1920, Twin Falls Athletic Association forfeited its charter for failure to pay its annual corporation license tax. At that time it was and, until the sale hereinafter discussed, continued to be the owner of blocks 122 and 136, in Twin Falls. April 26, 1935, respondents, John N. Claar, Jno. B. White and C. J. Hahn, three of the

five members who constituted the board of directors of the corporation at the time its charter was forfeited, petitioned the district court to appoint them trustees with power to settle its affairs and for authority to sell the real estate above mentioned, in such manner and by such method as should be directed by the court, and for such other or further order as should be meet and equitable in the premises.

After notice and hearing an order was made appointing petitioners as such trustees. It was recited in the order:

"That said trustees be and they are hereby authorized to sell said premises above described at private sale without further notice subject to confirmation by the court and upon making a sale thereof at a price and on terms satisfactory to said trustees, the trustees shall report the same to the court for confirmation and further proceedings herein."

March 10, 1937, the trustees filed a report in the district court wherein it was recited:

"that your trustee Jno. B. White has found an interested purchaser for said property, namely, L. E. Gibbs, who has made the offer to purchase said property for the total price of $4,000 cash, payable upon confirmation of said sale by the court, and delivery of abstract of title and that such offer is the best and highest sum offered for said property."

It is further recited in the report that the trustees believed the sum offered was not disproportionate to the value of the property and was a fair and reasonable price for it; also that it was for the best interests of the corporation that the property be sold to Gibbs for $4,000. The trustees prayed that a hearing be had on the return and that the court fix the time thereof and direct what notice should be given of the time and place, when and where, it should be had.

Thereupon the district court made an order fixing March 19, 1937, at 10 o'clock A. M., as the time and place for hearing on the return of sale and directed

"that notice of said hearing and of the nature of said hearing setting forth the property to be sold and the price offered for same be published at least five (5) days preceding the date of said hearing in one issue of the Twin Falls Daily

News, a newspaper of general circulation published in said county.''

Although the order directing notice to be given made no mention that other bids than that of Gibbs would be received or considered, the published notice stated

"that Friday the 19th day of March, 1937, at 10 o'clock in the forenoon of said day and the court room of said court in Twin Falls in said county of Twin Falls and State of Idaho, have been fixed as the time and place for hearing of the said return of sale and for the confirmation thereof when and where any person interested may appear and file written objections to the confirmation of said sale or may appear and make a bid and offer for the purchase of said real estate.''

March 19, 1937, L. J. Grimsman filed a bid to purchase the property for $4,100, accompanied by a check for $1,000. He offered to pay $3100, in addition to the check, as the purchase price for the property as soon as an abstract was furnished showing merchantable title and freedom of property from encumbrances.

The court minutes of March 19, 1937, which appear in the transcript, show that, among others, L. E. Gibbs, appellant herein, was present in court; that E. L. Rayborn made a bid on behalf of his client, W. R. Wolter, of $4,100; that J. E. Roberts advised the court he had a prospective purchaser for the property and that before making a bid, such purchaser desired to complete a survey of the premises; that the court directed Mr. Rayborn to make a bid on behalf of his client, in writing, and to attach it to a check in sufficient amount to show good faith. The minutes also contain the following:

"And it appearing that further and larger bids might be made for said property, the court further ordered that the hearing and return of sale on (of) real estate and petition for order confirming the same would be continued to next Friday morning March 26th at the hour of 10 o'clock A. M. in the court room of said court at which time and place the court would consider all bids made and proceed to confirm a sale of said property to the highest and best bidder for same.''

The transcript contains a copy of the court's order made in conformity to that minute entry. The record does not show, and it is not contended, appellant objected to the making of the order, at the time it was made, inviting other bids than his for the purchase of the property.

March 26, 1937, appellant objected to the consideration of competitive bids, and moved the court that the notice of hearing on return of sale and for confirmation thereof he corrected and amended by striking therefrom the following: "or may appear and make a bid and offer for the purchase," so that the portion of the notice of sale calling for bids be eliminated.

This motion was supported by the affidavit of Jno. B. White to the effect that the property was sold to appellant at private sale for $4,000; that affiant, as one of the trustees, understood and intended the proceedings should be "for confirmation by private sale"; that it was not his intention to open a hearing for competitive bids; that the statement appearing in said notice, "or may appear and make a bid and offer for the purchase" was placed therein inadvertently and it was not intended that additional bids were to be received. Affiant further stated, on information and belief, that the other trustees were in agreement with him in the statements made in his affidavit.

Certain stockholders of the defunct corporation appeared at the hearing March 26, and protested against the sale of the property to appellant for $4,000 for the reasons that higher and better bids had been submitted to the court and that the property was of greater value, and could be sold for a larger sum, than $4,000. Counsel for appellant objected to the filing of said protests, because they came too late. The objection was overruled and the motion to amend the notice of sale was denied.

The record shows there were before the court March 26, 1937, in addition to the bids to purchase the property heretofore mentioned, the following: A bid by R. E. Smith of $4,150, a bid by L. E. Gibbs, appellant, of $4,357, which contained the following statement:

"This bid is subject to confirmation and merchantable title and is without prejudice or waiver of any of the rights of

the undersigned on account of the contract of sale between the trustees and himself as the same appears in the proceedings in this action'';

a bid by Dudley Driscoll of $4,625, and a bid by Cosgriff Outdoor Advertising Company, Inc., of $5,026. The last mentioned bid, addressed to the statutory trustees and filed with the court, being highest offer made for the property, was accepted and confirmed by the court and all other bids were rejected.

It is stated in the notice that the appeal is from the order made March 19, continuing the hearing on return of sale to March 26, 1937; also from the order confirming and approving the sale and the amended order confirming and approving it. The amendment of the order was made pursuant to stipulation by the parties. The effect of the notice, as we understand it, is to appeal from the action of the court rejecting appellant's bid of $4,000, and accepting and confirming the bid of Cosgriff Outdoor Advertising Company, Inc., of $5,026.

The orders and rulings of the court whereby the property was offered for sale to competitive bidders, and was sold to Cosgriff Outdoor Advertising Company, Inc., and appellant's bid was rejected, are assigned as error.

No claim was made in the district court, nor has one been made here, for interest or expenses incurred by appellant, nor has any contention been made that he incurred costs or expenses in purchasing or attempting to purchase the property, nor has he made any claim for interest, costs or expenses, nor assigned as error any failure or refusal of the trial judge to allow the same. For this court to order that relief be granted appellant because of interest on the deposit which accompanied his bid, or because of costs or expenses incurred by him in attempting to purchase the property, would involve an unusual exercise of judicial imagination.

In order that the reader may decide for himself exactly what acts of the court were specified as error, the assignments are set out in full, as follows:

## "ASSIGNMENTS OF ERROR

"Appellant specifies the following errors relied upon by him:

"(1) The Court erred in making its order of March 19, 1937, continuing the hearing on report and return of sale on real estate to March 26, 1937, for the reasons:

"a. The Court had theretofore ordered said property sold at private sale;

"b. That said hearing was for the purpose of considering the return of sale of said property to L. E. Gibbs at private sale;

"c. That no objections in writing or otherwise had been made to said return of sale to L. E. Gibbs; and

"d. The effect of said order was to offer said property at public auction in contravention of the previous order of the Court that the property be sold at private sale.

"(2) The Court erred in making its order of March 27, 1937, as amended, with respect to overruling the motion of L. E. Gibbs to amend the notice of hearing on return of sale and for confirmation thereof to conform to the facts by striking therefrom the following language, to-wit: 'or may appear and make a bid and offer for the property,' for the reason that the Court had theretofore ordered said property sold at private sale, and that such sale had been consummated by the trustees, and the notice as given was in violation of said order and contemplated a public sale.

"(3) The trial Court erred in considering other bids and accepting the bid of Cosgriff Outdoor Advertising Company, Inc., after a sale had been made by the trustees to L. E. Gibbs, subject to confirmation, and the consideration of other bids was in violation of the previous order of the Court; and for the further reason that such action on the part of the Court had the effect of re-offering the property for sale after a bid had been accepted by the trustees in an amount which they considered the fair and reasonable price therefor and not disproportionate to the value thereof.

"(4) The Court erred in denying the petition of the trustees and the petition of L. E. Gibbs for confirmation of sale of real estate upon the ground that higher and better bids

for the property have been received, for the reason that the same does not constitute a ground for denying said petitions, and such ground is contrary to law and the authorities.

"(5) The Court erred in denying the petition for confirmation of said trustees and L. E. Gibbs upon the ground that the bid as submitted did not reasonably represent the fair value of the property, for the reason that such finding is not based upon any evidence, no evidence of value having been introduced, and in conflict with the return of said trustees wherein it is recited that the sum offered by L. E. Gibbs is not disproportionate to the value of said property and that said price offered is a fair and reasonable price for said property.

"(6) The Court erred in accepting the bid of Cosgriff Outdoor Advertising Company, Inc., and in directing conveyance to be made, for the reason that a valid offer at private sale had been made by L. E. Gibbs, subject to confirmation by the Court, and in accordance with its order directing a private sale and by permitting said Cosgriff Outdoor Advertising Company, Inc., and others to bid at said sale, and confirming the sale to said Cosgriff Outdoor Advertising, Inc., said sale became public and the previous order of the Court directing a sale at private sale was thereby nullified and abrogated."

Appellant contends this was not, strictly speaking a judicial sale, because the directors of the defunct corporation were its statutory trustees, with full power to act as such and sell its property without aid of, or interference by, the court. (I. C. A., sec. 29–158.) He further urges that there is no provision of law for appointment of its directors as trustees for a defunct corporation.

Appellant is not in position to make these contentions. The trustees were appointed by order of court dated May 3, 1935. They proceeded with the discharge of their duties without objection on the part of anyone. Appellant does not appear to have been a stockholder, director, officer or creditor of the corporation, nor in any manner interested in it in a way which would permit him to interfere with the appointment of trustees, or with the conduct of its corporate business. He made the trustees an offer for the property and it

was accepted and, March 26, 1937, filed a petition for confirmation of the sale and an objection to other bids, wherein he recited:

"That at all times hereinafter mentioned John N. Claar Jno. B. White and C. J. Hahn have been and now are the duly appointed qualified and acting trustees of, and for the liquidation of, Twin Falls Athletic Association, Limited, a defunct Idaho corporation, said trustees, by order of this court dated May 3, 1935 being so appointed and authorized to sell the premises hereinafter described."

He further stated in his petition and objection that the sale was subject to confirmation by the court, and ended it as follows:

"WHEREFORE, petitioner objects to the consideration by the above entitled court of any bids or offers made subsequently to his agreement of sale with said trustees, and petitions the court to approve and confirm the sale of said premises to him by said trustees in accordance with the agreement entered into on March 8, 1937."

So far as the record discloses, appellant has, in this court, for the first time, urged that this is not a judicial sale, or that the directors of a defunct corporation may not be appointed, by a court, as trustees to wind up its affairs. These contentions are entirely inconsistent with his position taken in the district court. Litigants are bound, on appeal to this court, by the theory on which their cases were tried. (*Brown v. Hardin,* 31 Ida. 112, 169 Pac. 293; *Hindman v. Oregon Short Line R. R. Co.,* 32 Ida. 133, 178 Pac. 837; *Idaho Gold D. Corp. v. Boise Payette L. Co.,* 52 Ida. 766, 22 Pac. (2d) 147.)

The action of the district judge in continuing the hearing on the report and return of sale from March 19, to March 26, 1937, is assigned as error. Ordering the continuance was discretionary. In re *Great Western Beet Sugar Co.,* 22 Ida. 328, 334, 125 Pac. 799, 43 L. R. A., N. S., 671, it is said:

"The law appears to be well established that a trial judge in equity proceedings, exercising authority over a sale of property in the control of the court, has discretionary power

to modify all orders affecting such sale, by subsequent orders.''

Appellant urges that, in the absence of fraud, mistake, surprise or irregularities affecting the validity of a judicial sale, it will not be set aside and confirmation refused in order to allow the original bid to be advanced, particularly where the amount of it is not grossly inadequate, and that, therefore, it was error to reject appellant's bid of $4,000, and to accept and approve that of Cosgriff Outdoor Advertising Company, Inc., of $5,026, for the property.

Extensive notes on this subject are to be found accompanying *Saunders v. Stults,* 189 Iowa, 1090, 177 N. W. 516, 11 A. L. R. 394, commencing at page 399, and *Dunn v. Silk,* 155 Va. 504, 155 S. E. 694, 71 A. L. R. 667, commencing at page 674. In these notes a great many cases have been digested and, as will appear from them, it would be difficult to find a subject of law about which there is greater diversity of judicial opinion. It would serve no useful purpose for us to try to harmonize these cases. We quote from the opinion of Mr. Justice Brewer, in *Ballentyne v. Smith,* 205 U. S. 285, 27 Sup. Ct. 527, 51 L. ed. 803, which points the way to a correct decision of this case:

''In England the old rule was that in chancery sales, until confirmation of the master's report, the bidding would be opened upon a mere offer to advance the price 10 per cent; but this rule has been rejected, and now both in England and this country a sale will not be set aside for mere inadequacy of price unless that inadequacy be so gross as to shock the conscience, or unless there be additional circumstances against its fairness. But if there be great inadequacy, slight circumstances of unfairness in the conduct of the party benefited by the sale will be sufficient to justify setting it aside. *Graffam v. Burgess,* 117 U. S. 180, 191, 192, 6 Sup. Ct. 686, 29 L. ed. 839, 842, 843. It is difficult to formulate any rule more definite than this, and each case must stand upon its own peculiar facts.''

In that case the court quoted from *Pewabic Min. Co. v. Mason,* 145 U. S. 349, 12 Sup. Ct. 887, 36 L. ed. 732, as follows:

"The question in this case is whether the master's sale shall stand. It may be stated generally that there is a measure of discretion in a court of equity, both as to the manner and the conditions of such a sale, as well as to ordering or refusing a resale. The chancellor will always make such provisions for notice and other conditions as will in his judgment best protect the rights of all interested, and make the sale most profitable to all; and after a sale has once been made, he will, certainly before confirmation, see that no wrong has been accomplished in and by the manner in which it was conducted."

The confirmation of a judicial sale is a judicial act necessitating the exercise of discretion. This is not a discretion to be arbitrarily exercised, but is a sound, judicial, reviewable discretion.

In this case the sale to appellant for $4,000 was made without published notice. Publication of the notice to show cause, if any existed, why the sale should not be confirmed, and the invitation therein contained to the public to bid, resulted in an offer of $5,026 for the property, addressed to the statutory trustees and filed with the court.

We cannot say the order rejecting the former bid and accepting and confirming the latter was an abuse of judicial discretion. It is affirmed. Costs are awarded to respondents.

Holden, C. J., and Budge, J., concur.

AILSHIE, J., Concurring in Part.—For reasons hereafter stated, I concur in affirming the order of the trial court approving and confirming the sale of the property in question to respondent, the Cosgriff Outdoor Advertising Company, Inc., for $5,026, but I think the case should be remanded to the trial court for the purpose of determining the amount and awarding to appellant Gibbs interest on the down payment made on his bid, together with any other legitimate costs and expenses incurred by him in purchasing the property, including necessary expense he may have incurred in making preparation for the final payment upon consummation of the

sale to him. (See *Las Vegas Ry. & P. Co. v. Trust Co.,* 15 N. M. 634, 110 Pac. 856, at 862.)

This was not a receiver's sale. Neither was it a judicial sale. The trustees were not receivers. They were former officers of the corporation, and under the statute and decisions of this court (secs. 29–158 and 29–611, I. C. A., and *Rowe v. Stevens,* 25 Ida. 237, 251, 137 Pac. 159), they were in possession of the property originally as the duly elected and qualified directors of the corporation and later as trustees under the statute. They had power under the statute to sell the property "to settle the affairs of said corporation." (Sec. 29–611; *Crystal Pier Co. v. Schneider,* 40 Cal. App. 379, 180 Pac. 948.) It is true that the court authorized them to sell this property, but that was a power with which the statute (sec. 29–611) had already invested them and for which they needed no order of court.

I concur in affirming the order, approving the sale to the advertising company, for the reason that Gibbs appears to have made his bid and purchased the property with the understanding and knowledge that the sale to him would have to be submitted to the trial judge and confirmed; and when he recognized either the necessity for or power of the court to confirm the sale, he necessarily admitted the like power to reject it. I find nothing in the record that would indicate an abuse of discretion on the part of the trial judge. I do think, however, under the circumstances of this case, the appellant should be reimbursed for all legitimate expenditures and disbursements he has incurred by reason of this transaction. He made his bid in good faith, paid $1,000 on the deal at the time of the sale and was prepared to carry out his contract and make final payment. He did not ask for the return of his money and his interest costs and expenses or any part thereof; he only asked that the sale be consummated as agreed upon when he made his down payment.

The prayer that the sale be confirmed covered the entire transaction and all the relief to which appellant deemed himself entitled, and he has assigned the refusal of the court to grant him such relief as error. Now, under such a prayer and such an assignment of error, if he shows himself entitled

to any relief, it is clearly the duty of this court to grant it. To deny him anything, if he appears to be entitled to less than he claims, simply because he did not specify the lesser relief, and assign error because of its denial, would be only to requite him with an erudite technique in procedure far exceeding any hypercritical "judicial imagination" necessarily involved in allowing him some modicum of relief.

Givens, J., concurs in the opinion of Morgan, J., and the latter portion of the first paragraph of the special concurrence of Ailshie, J.