PORT ARTHUR TRUST COMPANY ET AL V.
A. M. (AL) MULDROW, SECRETARY OF STATE

No. A-5493. Decided June 13, 1956.
(291 S.W. 2d Series 312)

*Rutan, Phares, Hall & Flowers* and *W. B. Phares,* of Port Arthur, for relator.

*John Ben Shepperd,* Attorney General, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

On October 9, 1953, a charter was issued by the then Secretary of State to "Port Arthur Trust Company" under the provisions of Article 1303b, Texas Revised Civil Statutes. By the charter the corporation (hereinafter called Trust Company) possessed the power "to act as Trustee under any lawful express trust committed to it by contract or will, or under appointment of any court, * * * and as agent for the performance of any lawful act." Said Trust Company is still a live and going corporation and has been at all times since its incorporation. The Trust Company was named trustee in instruments duly executed by J. W. Trousdale, Sr., for three separate trusts. Each trust created was for the benefit of a child of the said J. W. Trousdale, Sr. The trusts were named the "Mae Beth Pruitt Income Trust," the "Maxine Edmonds Income Trust," and the "James W. Trousdale, Jr. Income Trust." Shortly after the execution of these three trust instruments, the Trust Company, as trustee for each of the three named income trusts, and James W. Trousdale, Sr., duly executed articles of limited partnership dated June 30, 1955, whereby it was sought to create a limited partnership between James W. Trousdale, Sr., as general partner, and the Trust Company as a limited partner in its separate capacity as trustee for each of the three above mentioned income trusts. Each of the three trusts was to receive 10% of the profits of such proposed limited partnership. In accordance with the provisions of the Texas Uniform Limited Partnership Act (Article 6132a, Vernon's Annotated Civil Statutes of Texas), the Trust Company presented the instrument creating the limited partnership to the Secretary of State for filing. Section 3 (a) (2) of Article 6132a. The Secretary of State refused to file the instrument upon the following grounds:

(1) That it was necessary for a corporation to have ex-

press charter powers before it can enter into a limited partnership, and that the Port Arthur Trust Company does not have such charter powers and cannot amend its charter to include such powers;

(2) That under the Texas Uniform Limited Partnership Act a corporation is not a "person" as contemplated by said Act, and that, therefore, the Port Arthur Trust Company could not enter into a limited partnership on behalf of its trusts.

Relator thereupon applied for a writ of mandamus requiring that the Secretary of State receive and file the instrument creating the limited partnership. We will grant the writ of mandamus as prayed for.

■ For many years it has been the settled law of this State that a corporation may not enter into a partnership for the reason that such action is contrary to public policy. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 1946, 144 Texas 475, 191 S.W. 2d 716; Sabine Tram Co. v. Bancroft, 1897, 16 Texas Civ. App., 170, 40 S.W. 837, wr. ref.; Ogus, Rabinovich & Ogus Co. v. Foley Bros. Dry Goods Co., Texas Civ. App., 241 S.W. 267 (1), affirmed, Texas Com. App., 252 S.W. 1048. (All of the above actions occurred prior to the taking effect on September 6, 1955 of the new Corporation Code, and this opinion does not deal with the new Code.) However, it has also been the settled law of the State that a corporation could act as a trustee for real and personal property when its charter power conferred such right upon the corporation, and the corporation was organized under a statute permitting it to act as trustee. One of the reasons it has been held that a corporation cannot become a partner is that such action would remove the control of the corporation from the statutory officers and directors. Also, the corporation could be bound for debts by a person who held no stock in the corporation and the corporation would be liable for the acts of each and every partner. That reasoning will not apply in our present case for the only control exercised by a member of a limited partnership would be over the assets of the trust. The corporation assets would remain intact, and under the direction and control of its own officers and directors. Only the assets of the various trusts would be in the limited partnership.

The Port Arthur Trust Company was organized and chartered under the provision of Article 1303b, Vernon's Annotated Texas Civil Statutes. In part this statute provides:

"A private corporation may be formed for any one or more of the following purposes, without banking or insurance privileges; to accumulate and loan money; to sell and deal in notes, bonds and securities; *to act as Trustee under any lawful express trust committed to it by contract or will,* or under appointment of any court having jurisdiction of the subject matter, and as agent for the performance of any lawful act; * * *" (Emphasis added).

In addition, the charter provisions set out in the early portion of this opinion specifically grant to the Trust Company the right to act as trustee under any lawful express trust, etc. The formation of a limited partnership is a lawful purpose provided for by Article 6132a, Vernon's Annotated Texas Civil Statutes.

In the early case of Bell County v. Alexander, 1858, 22 Texas 350,359, this Court quoted from Judge Story's opinion in Vidal v. Girards Ex'rs., 43 U.S. (2 How.) 127, 11 L. Ed. 205, as follows:

" 'Although it was, in early times, held that a corporation could not take and hold real or personal estate in trust, upon the ground that there was a defect of one of the requisites to create a good trustee, viz., the want of confidence in the person; yet that doctrine has been long since exploded as unsound, and too artificial; and it is now held, that where the corporation has a legal capacity to take real or personal estate, it may take and hold it upon trust, in the same manner and to the same extent, as a private person may do. * * *' "

Of course, the corporation would have to be chartered under a statute permitting it to act as a trustee, and its charter must give it such power. Article 7425b-4, commonly known as Texas Trust Act (Vernon's Annotated Civil Statutes), provides that "A) 'Person' means an individual, a corporation, * * *," and " (C) 'Trustee' * * * includes trustees, a corporate as well as a natural person * * *." See also Conley v. Daughters Republic of Texas, 106 Texas 80, 156 S.W. 197, rehearing overruled, 157 S.W. 937; 54 Am. Jur. 103, Sec. 118; 90 C.J.S. 134, Sec. 207; Restatement, Trusts, p. 264, Sec. 96; 6 Fletcher, Cyclopedia of Corporations, p. 573, Sec. 2601.

■ It is the contention of respondent Muldrow that a corporation is not a "person" who may enter into a limited partnership, as is provided by Article 6132a, Section 2. This section of the statute, among other things provides: "* * * a limited partner-

ship is a partnership formed by two (2) or more persons, etc. * * *." In discussing whether or not a corporation is a person within the meaning of Article 2899, Revised Civil Statutes, 1879, (now enlarged and carried forward as Article 4671, Vernon's Annotated Texas Civil Statutes) this Court said, "* * * It is generally held in this state, as well as elsewhere, that the word "person' in a statute includes a corporation * * *," unless the context shows another meaning was intended. Fleming v. Texas Loan Agency, 87 Texas 238, 27 S.W. 126, 26 L.R.A. 250. Also Article 23, Sec. 2, prescribes that a "person" includes a corporation unless a different meaning is apparent from the context.

In construing venue statutes, using the word "person" but not using the word "corporation," this Court, in the case of Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Texas 417, 282 S.W. 576 (5) said, on page 578, "* * * all the courts hold that, generally speaking, a corporation is a person within the meaning of the law * * * ."

The Uniform Limited Partnership Act used the word "person" or "persons," and there is no language in such Act excluding a corporation from the meaning of the word "person" as used in the Act, therefore, we hold that a corporation legally qualified under appropriate statutory provisions to act as a trustee may enter into a limited partnership organized to carry out a lawful purpose. There is no contention by any of the parties to this litigation that the purpose to be carried out by the limited partnership, sought to be organized, is otherwise than lawful.

An inspection of the proposed certificate of organization of the limited partnership, as tendered to the Secretary of State for filing, and which is shown in the record before us, shows it to be the proper form as required by the appropriate provisions of Article 6132a. We therefore hold that it was the duty of the Secretary of State to file said certificate in his office as required by Article 6132a when accompanied by the statutory filing fee.

We are sure the Secretary of State will file the certificate of the limited partnership as directed in this opinion, and at this time will not issue the writ of mandamus. However, should the Secretary of State refuse to file the certificate, the Clerk of this Court shall issue the appropriate writ of mandamus.

Opinion delivered June 13, 1956.