[No. 34999.   Department One.   December 10, 1959.]

JOHN E. BEALL et al., Appellants, v. THE PACIFIC NATIONAL BANK OF SEATTLE et al., Respondents.[1]

[1]Reported in 347 P. (2d) 550.

*Evans, McLaren, Lane, Powell & Beeks,* for appellants.

*Holman, Mickelwait, Marion, Black & Perkins, J. Paul Coie, David E. Wagoner, Kellogg, Reaugh, Hart & Allison,* and *Don Reaugh,* for respondent Pacific National Bank of Seattle.

*Bayley, Fite, Westberg & Madden,* for respondent Puget Sound Fabricators, Inc.

OTT, J.—The Pacific National Bank of Seattle, as executor of the estate of Harry S. Bowen and as trustee of three trusts created by members of the Bowen family, representing, in the aggregate, approximately eighty-eight per cent of the capital stock of Puget Sound Fabricators, Inc., offered the physical assets of the corporation for sale. A vice-president and trust officer of the bank was a member of the board of directors of Puget Sound Fabricators, Inc., and active in promulgating the sale of the corporation's assets.

An offer to purchase was made by John E. Beall and associates. Negotiations were had between the bank and Beall and associates. There was a purported acceptance of the terms of the offer of sale. Tender in full of the purported sale price was made by Beall and associates, and refused by the bank and Puget Sound Fabricators, Inc.

Beall and associates commenced this action for specific performance against the bank, as the aforementioned trustee and executor, Puget Sound Fabricators, Inc., and the Pacific National Bank of Seattle, individually, and as liquidating trustee of Puget Sound Fabricators, Inc.

From a judgment denying specific performance of the alleged contract, Beall and associates have appealed.

Appellants' principal contention on appeal is that an enforcible contract was entered into, prior to liquidation, by the banks, representing eighty-eight per cent of the

corporate shares of Puget Sound Fabricators, Inc., and that the contract thus entered into is specifically enforcible against the bank, as liquidating trustee of Puget Sound Fabricators, Inc.

We do not agree for two reasons: (1) We are here concerned with a proceeding in which the court is requested to exercise its equity jurisdiction and specifically enforce a contract of sale of the corporate assets, which contract of sale allegedly was accepted by the bank, representing eighty-eight per cent of the stock of the corporation (a vice-president and trust officer of the trustee bank being a member of the board of directors of Puget Sound Fabricators, Inc.)

A corporation is a statutory entity. RCW 23.01.050; *State v. Northwest Magnesite Co.*, 28 Wn. (2d) 1, 182 P. (2d) 643 (1947); *Von Herberg v. Von Herberg*, 6 Wn. (2d) 100, 106 P. (2d) 737 (1940); *Opportunity Christian Church v. Washington Water Power Co.*, 136 Wash. 116, 238 Pac. 641 (1925); *State ex rel. Tacoma v. Tacoma R. & Power Co.*, 61 Wash. 507, 112 Pac. 506 (1911); *In re John Koke Co.*, 38 F. (2d) 232 (1930). By statute, a corporation can function only through its board of directors, its officers, and agents. RCW 23.01.320, 23.01.330. A sale of all of its assets can be accomplished by authority granted at a meeting of the shareholders. RCW 23.01.390. A sale of all of its assets can also be accomplished by voluntary liquidation authorized at a shareholders' meeting. RCW 23.01.530, 23.01-.560, 23.01.600, 23.01.640. A majority stockholder, or a member of the board of directors, acting solely as such, cannot legally contract for the corporation. 5 Fletcher, Cyclopedia Corporations, 446, § 2101. See *Trethewey v. Green River Gorge, Inc.*, 17 Wn. (2d) 697, 724, 136 P. (2d) 999 (1943).

■ It follows that, where, as here, there is no contention of fraud, or any proof of corporate authorization or ratification of the alleged contract of sale negotiated by the trustee representing eighty-eight per cent of the corporate stock, the alleged contract is unenforcible against the corporation.

(2) It is elementary that, before specific performance can be decreed, the parties against whom the remedy is sought must be under a legal duty to perform.

■ The record discloses that the stockholders met subsequent to the date of the alleged consummation of the sale contract by the bank, voted that the corporation be voluntarily liquidated as provided by RCW 23.01.530, and appointed the bank liquidating trustee to liquidate out of court. As such liquidating trustee, the bank had no duty to perform a contract to which it was not a party.

Further, the statutory duties of a liquidating trustee with reference to the sale of the assets are defined in RCW 23.01.560 as follows:

"The trustee or trustees appointed by the shareholders to conduct a winding up out of court, as speedily as possible after his or their appointment has become operative shall proceed:

" . . .

"(2) To sell and convert into cash such corporate assets as are not to be distributed in kind to the shareholders;
. . ."

■ The minority stockholders requested of the liquidating trustee that other prospective purchasers be given an opportunity to bid upon the assets of the corporation. Prior to liquidation, the bank, as trustee, was authorized to represent eighty-eight per cent of the stock of the corporation. By assuming the duties of liquidating trustee, its status changed to that of a trustee for all shareholders. As such trustee, it owed a fiduciary duty to all of the shareholders of the corporation. *Matawan Bank v. Matawan Tile Co.*, 2 N. J. 116, 65 A. (2d) 729 (1949); *Greenspun v. Greenspun*, (Tex. Civ. App.) 211 S. W. (2d) 977 (1948); *Young v. Blandin*, 215 Minn. 111, 9 N. W. (2d) 313 (1943). *Cf. Eagles v. General Electric Co.*, 5 Wn. (2d) 20, 104 P. (2d) 912 (1940).

■ In the proper exercise of its duties as liquidating trustee, the bank is required to obtain, in the sale of the assets, the best price reasonably attainable. *Mengel Co. v. Pierson*, 99 N. J. Eq. 436, 132 Atl. 78 (1926). *Cf. Young v. Blandin, supra; In re Courtney Bros., Inc.*, 110 Mont. 289,

100 P. (2d) 471 (1940); *Gibbs v. Claar*, 58 Idaho 510, 75 P. (2d) 721 (1938). The record does not indicate that the offer of the appellants was the best price reasonably attainable.

For the reasons stated, specific performance of the alleged contract to compel the sale of the physical corporate assets of Puget Sound Fabricators, Inc., to appellants does not lie against the Pacific National Bank, acting in its former capacity as trustee representing eighty-eight per cent of the stock or in its present capacity as liquidating trustee of Puget Sound Fabricators, Inc., or against Puget Sound Fabricators, Inc.

The trial court denied specific performance upon the ground that the parties contemplated a written contract which was never executed. We do not reach a determination as to the existence of a contract for the reasons above expressed.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.

---

February 25, 1960. Petition for rehearing denied.