[No. 3128-1.    Division One.    December 29, 1975.]

FRIGIDAIRE SALES CORPORATION, *Appellant*, v. UNION PROPERTIES, INC., ET AL, *Respondents*.

*Williams, Lanza, Kastner & Gibbs* and *Peter E. Peterson,* for appellant.

*Jerome R. Cronk,* for respondents.

[As amended by orders of the Court of Appeals January 14 and March 11, 1976.]

CALLOW, J.—The plaintiff, Frigidaire Sales Corporation, appeals from a superior court judgment dismissing its claim against defendants Leonard Mannon and Raleigh Baxter. The sole issue presented on appeal is whether individuals who are limited partners become liable as general partners when they also serve as active officers or directors, or are shareholders of a corporation which is the managing general partner of the limited partnership.

The parties agreed on the facts. On January 15, 1969, Frigidaire Sales Corporation entered into a contract with Commercial Investors, a limited partnership, for the sale of appliances to Commercial. The contract was signed on behalf of Commercial Investors by defendants Mannon and Baxter in their respective capacities as president and secretary-treasurer of Union Properties, Inc., the corporate general partner of Commercial Investors. Mannon and Baxter were also directors of Union Properties, Inc., and each owned 50 percent of the outstanding shares of Union Properties, Inc. In their capacities as directors and officers of Union Properties, Inc., the defendants exercised the day-

to-day management and control of Union Properties, Inc. Both defendants also held one limited partnership unit out of a total of 52 outstanding partnership investment units in Commercial Investors.

Frigidaire Sales Corporation, as the creditor, instituted this action against the general partner Union Properties, Inc. and the defendants Mannon and Baxter individually when Commercial Investors, as the debtor and as the purchaser of the appliances, failed to pay the November 1970 installment and all subsequent installments due on the contract. The trial court entered judgment for the plaintiff against Union Properties, Inc., but dismissed the plaintiff's claim against Mannon and Baxter. The plaintiff appeals the dismissal of the individual defendants.

### LIMITED PARTNERSHIPS

A limited partnership is a statutory form of business organization defined as "a partnership formed by two or more persons . . . having as members one or more general partners and one or more limited partners." RCW 25.08.010; J. Crane & A. Bromberg, *Law of Partnership* § 26 (1968). It is provided by a section of the Uniform Partnership Act (RCW 25.04) that the provisions of that act apply to limited partnerships except when inconsistent. RCW 25.04.060(3). A partnership is defined by RCW 25.04.060(1) as "an association of two or more persons to carry on as co-owners a business for profit." Since a corporation is included within the definition of the term "person" under RCW 25.04.020, it follows that a corporation can enter into a limited partnership as a general or limited partner. *Kitchell Corp. v. Hermansen*, 8 Ariz. App. 424, 446 P.2d 934 (1968); *Port Arthur Trust Co. v. Muldrow*, 155 Tex. 612, 291 S.W.2d 312, 60 A.L.R.2d 913 (1956); *Rathke v. Griffith*, 36 Wn.2d 394, 218 P.2d 757, 18 A.L.R.2d 1349 (1950); J. Crane & A. Bromberg, *Law of Partnership* § 9 (1968); 26 Wash. L. Rev. 222 (1951). RCW 25.08.070(2)(a) assumes that a corporation can be a general partner of a limited partnership when it states that a limited partner shall not be deemed to take part in control by possessing or exer-

cising the power to vote on the transfer of a majority of the voting stock of a "corporate general partner." *Cf. Bassan v. Investment Exch. Corp.*, 83 Wn.2d 922, 524 P.2d 233 (1974). With this premise in mind, we note that RCW 25-.08.120 provides:

(1) A person may be a general partner and a limited partner in the same partnership at the same time.

(2) A person who is a general, and also at the same time a limited partner, shall have all the rights and powers and be subject to all the restrictions of a general partner; except that, in respect to his contribution, he shall have the rights against the other members which he would have had if he were not also a general partner.

### Is The Dominant Consideration Creditor Reliance Or Prohibited Control?

The plaintiff contends that the defendants, as limited partners, controlled the business because they were (1) sole shareholders of Union Properties, Inc., the general partner; (2) on the board of directors of Union Properties, Inc.; (3) president and secretary of Union Properties, Inc.; and (4) exercised the day-to-day management of Union Properties, Inc. The defendants contend, on the other hand, that the limited partnership was controlled by its general partner Union Properties, Inc., a distinct and separate legal entity, and not by the defendants in their individual capacities.

The precise issue has not been previously raised in Washington, and the term "control" as used in RCW 25.08.070 has not been defined with the present problem in mind. *See* J. Crane & A. Bromberg, *Law of Partnership* § 26 (1968).

The issue recently received attention in Texas. In *Delaney v. Fidelity Lease Ltd.*, 526 S.W.2d 543 (Tex. 1975), the limited partners controlled the business of the limited partnership as officers, directors and stockholders of the corporate general partner. The Texas Supreme Court held at page 545:

[T]hat the personal liability, which attaches to a limited partner when "He takes part in the control and manage-

ment of the business," cannot be evaded merely by acting through a corporation.

The opinion overrules the decision of the Texas Court of Civil Appeals, in which it had been stated:

> The logical reason to hold a limited partner to general liability under the control prohibition of the Statute is to prevent third parties from mistakenly assuming that the limited partner is a general partner and to rely on his general liability. However, it is hard to believe that a creditor would be deceived where he knowingly deals with a general partner which is a corporation. That in itself is a creature specifically devised to limit liability. The fact that certain limited partners are stockholders, directors or officers of the corporation is beside the point where the creditor is not deceived.

*Delaney v. Fidelity Lease Ltd.*, 517 S.W.2d 420, 425 (Tex. Civ. App. 1974).

The Supreme Court opinion in *Delaney* was concerned that the statutory requirements of at least one general partner with general liability in a limited partnership could be circumvented by limited partners operating the partnership through the corporation with minimum capitalization and, therefore, with limited liability. The fear is, however, not peculiar to a limited partnership with a corporate general partner. An individual may form a corporation with limited capitalization and thereby attempt to avoid personal liability. When one acts in such fashion, however, the inadequate capitalization is a factor in determining whether to disregard the corporate entity. *See* W. Fletcher, *Private Corporations* § 44.1 (rev. vol. M. Wolf 1974); H. Henn, *Law of Corporations* §§ 146, 147 (2d ed. 1970). If a corporate general partner in a limited partnership is organized without sufficient capitalization so that it was foreseeable that it would not have sufficient assets to meet its obligations, the corporate entity could be disregarded to avoid injustice. We find no substantive difference between the creditor who does business with a corporation that is the general partner in a limited partnership and a creditor who simply does business with a corporation. In the ab-

sence of fraud or other inequitable conduct, the corporate entity should be respected. *See Kueckelhan v. Federal Old Line Ins. Co.*, 69 Wn.2d 392, 418 P.2d 443 (1966); *Soderberg Adv., Inc. v. Kent-Moore Corp.*, 11 Wn. App. 721, 524 P.2d 1355 (1974); C. Rohrlich, *Organizing Corporate and Other Business Enterprises* §§ 2.07, 2.18 (5th ed. 1975).

■ We note that the decision of the Supreme Court of Texas in *Delaney* relies upon the reasoning of the dissent filed in the Texas Court of Civil Appeals. We believe that the dissent, however, is based in part upon the incorrect premise that a corporation may not be a general partner under the Uniform Limited Partnership Act. We have shown that this is not so under the Washington act. Moreover, the dissent based its reasoning upon the assumption that, because the limited partners acted as officers of the corporate general partner, they "were obligated to their other partners to so operate the corporation as to benefit the partnership." *Delaney v. Fidelity Lease Ltd.*, 517 S.W.2d 420, 426 (Tex. Civ. App. 1974). We find no inherent wrong in this. Persons in the position of the individual defendants in this case would be bound to act in the best interests of both the corporate general partner and the limited partners under the guidelines of RCW 25.08.120. The dual capacities are not inimical as asserted.

Apparently prior to the filing of the Texas Supreme Court decision in *Delaney v. Fidelity Lease Ltd.*, 526 S.W.2d 543 (Tex. 1975), a law review article discussing the Texas Civil Court of Appeals decision in *Delaney v. Fidelity Lease Ltd.*, 517 S.W.2d 420 (Tex. Civ. App. 1974), appeared in 6 Texas Tech. L. Rev. 1171 (1974). Therein the author observed at pages 1175-76:

> In *Delaney* the court was confronted squarely with the choice of adopting a creditor reliance test or imposing personal liability because of the statutory control prohibition, even though the plaintiff originally did not require the defendant's personal guaranty in the execution of the lease. By adopting the creditor reliance test the court has expanded the permissible forms of business organizations. Texas businessmen now can combine the

advantages of both the partnership and the corporation. The desirability of the court's decision is demonstrated by the fact that under such an arrangement the limited partners may enjoy the conduit theory of income taxation as well as complete protection from personal liability. The additional benefit flowing from the *Delaney* decision is that the businessman now can take advantage of these previously existing benefits without forfeiting managerial control of the organization.

(Footnote omitted.) *See also* J. Barrett & E. Seago, *Partners and Partnerships, Law and Taxation,* ch. 13, § 1.3, at 491 (1956).

■■ Moreover, a literal reading of RCW 25.08.070 that disregards the existence of the corporate entity as a general partner is not justified. The consideration of the issue must inquire not only whether a limited partner has participated in a forbidden control, but also whether the corporate entity should be regarded or disregarded. In Horowitz, *Disregarding the Entity of Private Corporations,* 15 Wash. L. Rev. 1, 11 (1940), certain principles are suggested for testing whether corporate entities should be acknowledged or disregarded. The principles, pertinent to our inquiry, were stated to be:

(*a*) If there is an overt intention to regard or disregard the corporate entity, effect will be given thereto unless so to do will violate a duty owing.
(*b*) The overt intention is that of the corporation whose entity is sought to be disregarded or of the person or persons owning its stock and sought to be visited with the consequence of regard or disregard of the corporate entity.
(*c*) The duty owing must be owing to the person seeking to invoke the doctrine, and such duty may arise from common law and equity, contract or statute.

Here, there was an overt intention to regard the corporate entity and no showing of the violation of any duty owing to the creditor. The creditor dealt with the corporate general partner in full awareness of the corporate status of the general partner. There is no showing of any fraud, wrong or injustice perpetrated upon the creditor, merely that

RCW 25.08.070 provides that a limited partner becomes liable as a general partner if he takes part in the control of the business. *See Rohda v. Boen,* 45 Wn.2d 553, 558, 276 P.2d 586 (1954). When these are the circumstances, we hold that the corporate entity should be upheld rather than the statute applied blindly with no inquiry as to the purpose it seeks to achieve. *See Bergeson v. Life Ins. Corp. of America,* 265 F.2d 227 (10th Cir. 1959); *Bergeson v. Life Ins. Corp. of America,* 170 F. Supp. 150 (D. Utah 1958). As observed in the official comment to section 1 of the Uniform Limited Partnership Act:

> No public policy requires a person who contributes to the capital of a business, acquires an interest in the profits, and some degree of control over the conduct of the business, to become bound for the obligations of the business; provided creditors have no reason to believe at the times their credits were extended that such person was so bound.

6 U.L.A., *Limited Partnership Act* § 1, at 546.

A limited partner is made liable as a general partner when he participates in the "control" of the business in order to protect third parties from dealing with the partnership under the mistaken assumption that the limited partner is a general partner with general liability. *See* Feld, *The "Control" Test for Limited Partnerships,* 82 Harv. L. Rev. 1471, 1479 (1969). If a limited partnership certificate pursuant to RCW 25.08.020(2) is properly prepared and filed and the limited partner does not participate in the control of the business, it is unlikely that third parties will be misled as to the limited liability of the limited partners. The underlying purpose of the control prohibition of RCW 25.08.070 is not furthered, however, by prohibiting limited partners from forming a corporation to act as the sole general partner in a limited partnership. A third party dealing with a corporation must reasonably rely on the solvency of the corporate entity. It makes little difference if the corporation is or is not the general partner in a limited partnership. In either instance, the third party

cannot justifiably rely on the solvency of the individuals who own the corporation.

We hold that limited partners are not liable as general partners simply because they are active officers or directors, or are stockholders of a corporate general partner in a limited partnership.

Affirmed.

WILLIAMS, C.J., and JAMES, J., concur.

Petition for rehearing denied May 24, 1976.

Review granted by Supreme Court August 31, 1976.