[No. 44262.   En Banc.   April 7, 1977.]

FRIGIDAIRE SALES CORPORATION, *Petitioner,* v. UNION PROPERTIES, INC., ET AL, *Respondents.*

*Williams, Lanza, Kastner & Gibbs,* by *Peter E. Peterson* and *Joel D. Cunningham,* for petitioner.

*Jerome R. Cronk,* for respondents.

HAMILTON, J.—Petitioner, Frigidaire Sales Corporation, sought review of a Court of Appeals decision which held that limited partners do not incur general liability for the limited partnership's obligations simply because they are officers, directors, or shareholders of the corporate general partner. *Frigidaire Sales Corp. v. Union Properties, Inc.,* 14 Wn. App. 634, 544 P.2d 781 (1975). We granted review, and now affirm the decision of the Court of Appeals.

The facts of the case are adequately set out in the Court of Appeals opinion, and only a cursory summation need be repeated here. Petitioner entered into a contract with Commercial Investors (Commercial), a limited partnership. Respondents, Leonard Mannon and Raleigh Baxter, were limited partners of Commercial. Respondents were also officers, directors, and shareholders of Union Properties, Inc., the only general partner of Commercial. Respondents controlled Union Properties, and through their control of

Union Properties they exercised the day–to–day control and management of Commercial. Commercial breached the contract, and petitioner brought suit against Union Properties and respondents. The trial court concluded that respondents did not incur general liability for Commercial's obligations by reason of their control of Commercial, and the Court of Appeals affirmed.

We first note that petitioner does not contend that respondents acted improperly by setting up the limited partnership with a corporation as the sole general partner. Limited partnerships are a statutory form of business organization, and parties creating a limited partnership must follow the statutory requirements. In Washington, parties may form a limited partnership with a corporation as the sole general partner. *See* RCW 25.04.020 and RCW 25.04.060(3); RCW 25.08.010 and RCW 25.08.070(2)(a).

Petitioner's sole contention is that respondents should incur general liability for the limited partnership's obligations under RCW 25.08.070,[1] because they exercised the

---

[1]At the time the parties entered into the contract, RCW 25.08.070 read as follows:

A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as limited partner, he takes part in the control of the business.

Laws of 1955, ch. 15, § 25.08.070, p. 140.

In 1972, the legislature amended RCW 25.08.070 by adding two additional sections. Laws of 1972, 1st Ex. Sess., ch. 113, § 2, p. 253. RCW 25.08.070 presently reads:

(1) A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as limited partner, he takes part in the control of the business.

(2) A limited partner shall not be deemed to take part in the control of the business by virtue of his possessing or exercising a power, specified in the certificate, to vote upon matters affecting the basic structure of the partnership, including the following matters or others of a similar nature:

(a) Election, removal, or substitution of general partners, including, but not limited to, transfer of a majority of the voting stock of a corporate general partner.

(b) Termination of the partnership.

(c) Amendment of the partnership agreement.

(d) Sale of all or substantially all of the assets of the partnership.

(3) The statement of powers set forth in subsection (2) of this section shall not be construed as exclusive or as indicating that any other powers possessed

day–to–day control and management of Commercial. Respondents, on the other hand, argue that Commercial was controlled by Union Properties, a separate legal entity, and not by respondents in their individual capacities.

Petitioner cites *Delaney v. Fidelity Lease Ltd.*, 526 S.W.2d 543 (Tex. 1975), as support for its contention that respondents should incur general liability under RCW 25.08.070 for the limited partnership's obligations. That case also involved the issue of liability for limited partners who controlled the limited partnership as officers, directors, and shareholders of the corporate general partner. The Texas Supreme Court reversed the decision of the Texas Court of Civil Appeals and found the limited partners had incurred general liability because of their control of the limited partnership. *See Delaney v. Fidelity Lease Ltd.*, 517 S.W.2d 420 (Tex. Civ. App. 1974), *rev'd*, 526 S.W.2d 543 (Tex. 1975).

We find the Texas Supreme Court's decision distinguishable from the present case. In *Delaney*, the corporation and the limited partnership were set up contemporaneously, and the sole purpose of the corporation was to operate the limited partnership. The Texas Supreme Court found that the limited partners who controlled the corporation were obligated to their other limited partners to operate the corporation for the benefit of the partnership. "'Each act was done then, not for the corporation, but for the partnership.'" *Delaney v. Fidelity Lease Ltd.*, 526 S.W.2d 543, 545 (Tex. 1975), quoting from the dissenting opinion in *Delaney v. Fidelity Lease Ltd.*, 517 S.W.2d 420, 426 (Tex. Civ. App. 1974). This is not the case here. The pattern of operation of Union Properties was to investigate and conceive of real estate investment opportunities and, when it found such opportunities, to cause the creation of limited partnerships with Union Properties acting as the general

or exercised by a limited partner shall be sufficient to cause such limited partner to be deemed to take part in the control of the business within the meaning of subsection (1) of this section.

partner. Commercial was only one of several limited partnerships so conceived and created. Respondents did not form Union Properties for the sole purpose of operating Commercial. Hence, their acts on behalf of Union Properties were not performed merely for the benefit of Commercial.

Further, it is apparently still undecided in Texas whether parties may form a limited partnership with a corporation as the sole general partner. *See Delaney v. Fidelity Lease Ltd.*, 526 S.W.2d 543, 546 (Tex. 1975). The Texas Supreme Court was concerned with the possibility that limited partners might form the corporate general partner with minimum capitalization:

> In no event should they be permitted to escape the statutory liability which would have devolved upon them if there had been no attempted interposition of the corporate shield against personal liability. Otherwise, the statutory requirement of at least one general partner with general liability in a limited partnership can be circumvented or vitiated by limited partners operating the partnership through a corporation with minimum capitalization and therefore minimum liability.

*Delaney v. Fidelity Lease Ltd., supra* at 546.

However, we agree with our Court of Appeals analysis that this concern with minimum capitalization is not peculiar to limited partnerships with corporate general partners, but may arise anytime a creditor deals with a corporation. *See Frigidaire Sales Corp. v. Union Properties, Inc., supra* at 638. Because our limited partnership statutes permit parties to form a limited partnership with a corporation as the sole general partner, this concern about minimal capitalization, standing by itself, does not justify a finding that the limited partners incur general liability for their control of the corporate general partner. *See* A. Bromberg, *Crane and Bromberg on Partnership* § 26, at 146–47 (1968). If a corporate general partner is inadequately capitalized, the rights of a creditor are adequately protected under the "piercing–the–corporate–veil" doctrine of corporation law.

*See* 1 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 44.1 (rev. vol. M. Wolf 1974); H. Henn, *Handbook of the Law of Corporations and other Business Enterprises* § 147 (2d ed. 1970).

■■ Furthermore, petitioner was never led to believe that respondents were acting in any capacity other than in their corporate capacities. The parties stipulated at the trial that respondents never acted in any direct, personal capacity. When the shareholders of a corporation, who are also the corporation's officers and directors, conscientiously keep the affairs of the corporation separate from their personal affairs, and no fraud or manifest injustice is perpetrated upon third persons who deal with the corporation, the corporation's separate entity should be respected. *See J.L. Cooper & Co. v. Anchor Sec. Co.,* 9 Wn.2d 45, 113 P.2d 845 (1941); *Garvin v. Matthews,* 193 Wash. 152, 74 P.2d 990 (1938); *H.E. Briggs & Co. v. Harper Clay Prods. Co.,* 150 Wash. 235, 272 P. 962 (1928); *Nursing Home Bldg. Corp. v. DeHart,* 13 Wn. App. 489, 535 P.2d 137 (1975).

For us to find that respondents incurred general liability for the limited partnership's obligations under RCW 25.08-.070 would require us to apply a literal interpretation of the statute and totally ignore the corporate entity of Union Properties, when petitioner knew it was dealing with that corporate entity. There can be no doubt that respondents, in fact, controlled the corporation. However, they did so only in their capacities as agents for their principal, the corporate general partner. Although the corporation was a separate entity, it could act only through its board of directors, officers, and agents. *Beall v. Pacific Nat'l Bank,* 55 Wn.2d 210, 347 P.2d 550 (1959); *see* RCW 23A.08.340 and RCW 23A.08.470. Petitioner entered into the contract with Commercial. Respondents signed the contract in their capacities as president and secretary–treasurer of Union Properties, the general partner of Commercial. In the eyes of the law it was Union Properties, as a separate corporate entity, which entered into the contract with petitioner and controlled the limited partnership.

Further, because respondents scrupulously separated their actions on behalf of the corporation from their personal actions, petitioner never mistakenly assumed that respondents were general partners with general liability. *See Frigidaire Sales Corp. v. Union Properties, Inc.,* 14 Wn. App. 634, 641–42, 544 P.2d 781 (1975); *Delaney v. Fidelity Lease Ltd.,* 517 S.W.2d 420 (Tex. Civ. App. 1974); Feld, *The "Control" Test for Limited Partnerships,* 82 Harv. L. Rev. 1471 (1969). Petitioner knew Union Properties was the sole general partner and did not rely on respondents' control by assuming that they were also general partners. If petitioner had not wished to rely on the solvency of Union Properties as the only general partner, it could have insisted that respondents personally guarantee contractual performance. Because petitioner entered into the contract knowing that Union Properties was the only party with general liability, and because in the eyes of the law it was Union Properties, a separate entity, which controlled the limited partnership, there is no reason for us to find that respondents incurred general liability for their acts done as officers of the corporate general partner.

The decision of the Court of Appeals is affirmed.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.