[No. 6256-1. Division One. June 11, 1979.]

OLYMPIC FISH PRODUCTS, INC., *Appellant*, v. TED LLOYD, ET AL, *Defendants*, PAUL GLENOVICH, ET AL, *Respondents*.

500

*Binns, Petrich, Hester & Robson, John A. Petrich,* and *James K. Adams,* for appellant.

*Dodd & Coney, P.S., Robert E. Ordal,* and *McCush, Kingsbury, O'Connor, Ludwigson, Thompson & Hayes,* for respondents.

SWANSON, A.C.J.—This case arises from Yankee Fish Co.'s (Yankee's) alleged breach of a contract to sell all of its catch of roe herring to Olympic Fish Products, Inc. (Olympic). Olympic sued Paul Glenovich, an officer of Yankee, alleging he tortiously interfered with the contract by causing a substantial portion of the catch to be sold to a third party. Olympic appeals the granting of Glenovich's motion for summary judgment, contending issues of fact were raised. Specifically, Olympic contends Glenovich's status as an officer of Yankee did not, as a matter of law, shield him from personal liability for tortiously interfering with contractual relations between Olympic and Yankee. We agree.

The general rule is that an officer or director of a corporation is not personally liable in damages for inducing the corporation to violate a contractual relation, provided the officer or director acts in "good faith" and believes what he does is in the best interests of the corporation. 3 W. Fletcher, *Private Corporations* § 1001, at 540 (perm. rev. ed. 1975). In *Wampler v. Palmerton,* 250 Ore. 65, 76, 439

P.2d 601, 607 (1968), the Oregon court noted that "good faith" as used in this context "can reasonably mean [nothing] more than an intent to benefit the corporation," and summarized:

> so long as the person inducing the breach of a corporate contract is an officer or employe acting for the benefit of the corporation and within the scope of his authority, the plaintiff cannot show that this interest was invaded and therefore cannot maintain an interference with contract action.

*Wampler v. Palmerton, supra* at 77. This rule is merely the application, in a specific factual context, of the general rule that a corporation's separate entity will be respected so long as the officers and directors of a corporation keep corporate affairs separate from their personal affairs and no fraud or injustice is perpetrated on third persons dealing with the corporation. *Frigidaire Sales Corp. v. Union Properties, Inc.,* 88 Wn.2d 400, 405, 562 P.2d 244 (1977).

In this case, Olympic alleged in its complaint that, in interfering with the contractual relationship, Glenovich acted on behalf of himself as an individual. Glenovich denied the allegation and moved for summary judgment. In support of his motion, Glenovich filed no affidavits alleging "good faith." Instead, he relied solely on Olympic's responses to requests for admissions, in which Olympic admitted that Glenovich was vice–president and director of Yankee Fish Co., but *denied* that his actions in relation to the sale of the roe herring were performed in his official capacity as an officer or director of Yankee. The above proceedings raised a question as to whether Glenovich acted in his own behalf or with a good faith intention to benefit the corporation.

The question of a corporate officer's good faith intention to benefit the corporation is one of fact. *See Coleman v. Golkin, Bomback & Co.,* 562 F.2d 166, 168 (2d Cir. 1977); *Ong Hing v. Arizona Harness Raceway, Inc.,* 10 Ariz. App. 380, 459 P.2d 107, 115 (1969). Where the question is in dispute, it is not properly disposed of by means of

summary judgment. In *Tash v. Houston,* 74 Mich. App. 566, 574, 254 N.W.2d 579, 583 (1977), the court stated:

> Plaintiff's complaint sets forth an unprivileged interference by defendant . . . The grant of summary judgment for defendant, on the basis of privilege, was improper. Plaintiff should have the opportunity to prove her allegations [that defendant acted on his own behalf] below. Defendant, of course will have the opportunity to show that he acted in good faith, . . .[1]

Likewise, in *Mellor v. Budget Advisors, Inc.,* 415 F.2d 1218, 1221 (7th Cir. 1969), the court held summary judgment was improper because application of the "good faith" test requires consideration of the existence and reasonableness of the director's belief, at the time of his action, that the corporate interest would be served by the breach. *See also Vassardakis v. Parish,* 36 F. Supp. 1002 (S.D.N.Y. 1941), where the court, in denying defendant's motion for summary judgment, stated at page 1005:

> Whether or not [a corporate manager] was acting with justification and in furtherance of the interests of the corporation and within the general scope of his authority or for personal wrongful motives ought to be determined by the evidence produced at a trial.[2]

The mere fact that Glenovich was a corporate officer was insufficient to support the summary judgment motion. Because a genuine issue of material fact was raised, the trial is necessary. *LaPlante v. State,* 85 Wn.2d 154, 158, 531 P.2d 299 (1975).

---

[1]Although *Tash v. Houston, supra,* involved acts by a labor union official, the reasoning of cases dealing with corporate officers was applied, and the court's reasoning in *Tash* is applicable here.

[2]*Wampler v. Palmerton, supra,* is distinguishable because, in that case the question of the corporate officers' intent was not in dispute. The plaintiff there alleged that the defendants were acting to benefit the corporation; whereas, in the present case, Olympic alleged that Glenovich acted on his own behalf and Glenovich denied the allegation, thereby raising a question of fact.

The judgment is reversed.

WILLIAMS and ANDERSEN, JJ., concur.

Reconsideration denied August 29, 1979.

Review granted by Supreme Court November 30, 1979.